1  Joshua S. Boyette (SBN 343330)
   jboyette@swartz-legal.com
2  **SWARTZ SWIDLER LLC**
3  9 Tanner Street, Suite 101
   Haddonfield, NJ 08033
4  Tel:  (856) 685-7420
   Fax: (856) 685-7417
5  *Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ROBERT PETERS,** *individually and on behalf of all those similarly situated,*<br><br>**Plaintiff,**<br><br>v.<br><br>**GUARANTEED RATE, INC,**<br><br>**Defendant.** | Case No:<br><br>INDIVIDUAL AND COLLECTIVE ACTION COMPLAINT FOR UNPAID OVERTIME WAGES UNDER THE FAIR LABOR STANDARDS ACT<br><br>INDIVIDUAL AND CLASS ACTION COMPLAINT FOR VIOLATIONS OF CALIFORNIA LAW, INCLUDING:<br><br>• FAILURE TO PAY MINIMUM WAGES;<br>• FAILURE TO PAY OVERTIME WAGES;<br>• PAID REST PERIOD VIOLATIONS;<br>• FAILURE TO PAY FOR NON-PRODUCTIVE TIME;<br>• FAILURE TO TIMELY PAY EARNED WAGES AFTER SEPARATION;<br>• FAILURE TO PROVIDE ACCURATE ITEMIZED PAY STATEMENTS;<br>• VIOLATIONS OF THE UNFAIR COMPETITION LAW;<br><br>**DEMAND FOR JURY TRIAL** |

**INDIVIDUAL, CLASS, AND COLLECTIVE ACTION COMPLAINT**

Named Plaintiff Robert Peters (hereinafter "Named Plaintiff"), individually and on behalf of all those similarly situated, by and through their undersigned counsel, hereby complain as follows against Defendant Guaranteed Rate, Inc. (hereinafter "Defendant").

**INTRODUCTION**

1. Named Plaintiff has initiated the instant action to redress Defendant's violations of the Fair Labor Standards Act ("FLSA"), the California Labor Code ("Labor Code"), the California Industrial Welfare Commission Wage Orders (IWC Wage Orders"), and the California Unfair Competition Law ("Unfair Competition Law"). Named Plaintiff asserts Defendant failed to pay Named Plaintiff and those similarly situated all minimum wages and overtime wages owed to them in violation of the FLSA. Named Plaintiff further asserts Defendant violated California law. Specifically, Named Plaintiff asserts Defendant failed to pay the minimum wage and overtime wages to him and those similarly situated the minimum wage, overtime wages, and wages for non-productive time. Named Plaintiff further asserts Defendant failed to provide him and those similarly situated required paid rest periods or premium wages for missed required paid rest periods. Named Plaintiff further asserts Defendant failed timely to pay him and those similarly situated all owed wages upon separation. Named Plaintiff further asserts Defendant failed to reimburse him and those similarly situated for expenses they incurred. Finally, Named Plaintiff asserts Defendant failed to provide accurate, itemized pay statements. As a result of Defendant's unlawful conduct, Named Plaintiff and those similarly situated have suffered damages as set forth herein.

**JURISDICTION**

2. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

3. This Court may properly maintain personal jurisdiction over Defendant because Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendant to comply with traditional notions of fair play and substantial justice.

4. The Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims herein arise under laws of the United States, the FLSA. This Court has supplemental jurisdiction over related state law claims because they arise out of the same circumstance and are based upon a common nucleus of operative fact.

5. Venue is properly laid in this judicial district pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2), because a substantial part of the acts and/or omissions giving rise to the claims occurred in this judicial district.

**PARTIES**

6. The foregoing paragraphs are incorporated herein as if set forth in full.

7. Named Plaintiff is an adult individual who worked for Defendant in California.

8. Defendant is a mortgage loan company that, at all times relevant, operated in California.

9. At all times relevant herein, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

**FLSA COLLECTIVE ACTION ALLEGATIONS**

10. In addition to bringing this action individually, Named Plaintiff brings this action for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all individuals who worked in the United States for Defendant as a mortgage loan officer and/or in other positions subject to Defendant's wage and hour policies described herein at any

point during the period beginning three years preceding the date the instant action was initiated through the present (hereinafter the members of this putative class are referred to as "Collective Plaintiffs").

11. Named Plaintiff's claims are typical of the claims of the Collective Plaintiffs, because Named Plaintiff, like all Collective Plaintiffs, was an employee of Defendant within the last three years whom Defendant failed to pay the minimum wage and overtime wages as required by the Fair Labor Standards Act ("FLSA").

12. There are numerous similarly situated individuals whom Defendant failed to pay the minimum wage and/or overtime wages in violation of the FLSA who would benefit from the issuance of a Court Supervised Notice of the instant lawsuit and the opportunity to join in the present lawsuit.

13. Similarly situated employees are known to Defendant, are readily identifiable by Defendant, and can be located through Defendant's records.

14. Therefore, Named Plaintiff should be permitted to bring this action as a collective action individually and on behalf of those employees similarly situated, pursuant to the "opt-in" provisions of the FLSA, 29 U.S.C. § 216(b).

**CLASS ACTION ALLEGATIONS**
**(California Law)**

15. The foregoing paragraphs are incorporated herein as if set forth in their entirety.

16. Named Plaintiff brings claims asserting violations of the Labor Code, IWC Wage Orders, and the Unfair Competition law as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of all individuals who worked in California for Defendant as a mortgage loan officer and/or in other positions subject to Defendant's wage and hour policies described herein at any point during the period beginning four years preceding the date the instant action was initiated through the present (the members of this putative class are referred to as "Class Plaintiffs").

17. The class is so numerous that the joinder of all class members is impracticable. Named Plaintiff does not know the exact size of the class, as such information is in the exclusive control of Defendant; however, on information and belief, the number of potential class members is estimated to be more than forty (40) employees.

18. Named Plaintiff's claims are typical of the claims of the putative class members, because Named Plaintiff, like all Class Plaintiffs, was subject to the same wage policies and practices of Defendant described herein.

19. Named Plaintiff will fairly and adequately protect the interests of the putative class, because Named Plaintiff's interests are coincident with, and not antagonistic to, those of the class. Named Plaintiff has retained counsel with substantial experience in the prosecution of class claims involving employee wage disputes.

20. Defendant has acted and refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole insofar as Defendant has applied consistent unlawful wage policies to the entire class and have refused to end these policies.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action. The class will be easily identifiable from Defendant's records.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Such treatment will allow all similarly situated individuals to prosecute their common claims in a single forum simultaneously. Prosecution of separate actions by individual members of the putative class would create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct for Defendant.

23. Questions of law and fact that are common to the members of the class predominate over questions that affect only individual members of the class. Among the questions of law and fact that are common to the class are:

a. Whether Defendant's policy regarding the timing of its payment of final earned commissions to Named Plaintiff and Class Plaintiffs after their separation from employment violate California law regarding the prompt payment of final wages.

b. Whether Named Plaintiff and Class Plaintiffs were non-exempt and entitled to minimum wages and overtime.

c. Whether Named Plaintiff and Class Plaintiffs were entitled to paid rest periods and at what rate should premium wages have been paid for missed paid rest periods.

d. Whether Defendant created and enforced the wage and hour policies at issue under the good faith belief that such policies did not violate California law.

## FACTUAL BACKGROUND

24. The foregoing paragraphs are incorporated herein as if set forth in full.

25. Defendant is in the business of selling residential property (*i.e.,* homes) mortgage loans throughout the United States, including California.

26. At all times relevant, Defendant employed mortgage loan officers ("MLOs") in branches throughout the United States, including California, to sell residential mortgage loans to customers.

27. From in or around January 2017 to on or around December 1, 2020, Defendant employed Named Plaintiff as an MLO in California.

28. As an MLO, Named Plaintiff sold loans to customers for properties located throughout California, including within the geographic boundaries of this Court.

29. Defendant employed/employs Collective and Class Plaintiffs as MLOs or in other similar positions.

30. Defendant paid/pays Named Plaintiff and Collective and Class Plaintiffs on a commission-only basis.

31. Accordingly, if an MLO did/does not sell, Defendant did/does not pay them any wages for the work they performed/perform.

32. Named Plaintiff and Collective and Class Plaintiffs regularly worked/work more than 40 hours in a workweek.

33. Named Plaintiff and Class Plaintiffs regularly worked/work more than 8 hours in a day and often more than 12 hours in a day.

34. Defendant did not pay Named Plaintiff and Collective and Class Plaintiffs any additional wages for working more than 40 hours in a workweek, or 8 hours in a day, or 12 hours in a day.

35. Named Plaintiff and Class Plaintiffs regularly worked/work at least 3.5 hours during workdays.

36. Defendant did/does not provide uninterrupted, paid rest periods of at least 10 uninterrupted minutes to Named Plaintiff and Class Plaintiffs on days during which they worked at least 3.5 hours.

37. Defendant further did/does not Named Plaintiff and Class Plaintiffs wages equal to one hour at their regular rate (hereinafter "premium wages") for each workday during which they worked at least 3.5 hours and did not receive a 10-minute, uninterrupted, paid rest period.

38. Throughout their employment, Named Plaintiff and Class Plaintiffs regularly performed tasks required by Defendant other than selling loans (hereinafter referred to as "non-productive work"), including but not limited to participating in meetings, administrative work, and booting up a work computer.

39. Defendant further did/does not pay Named Plaintiff and Class Plaintiffs additional wages for time spent performing non-productive work.

40. Defendant further provided/provides Named Plaintiff and Class Plaintiffs with pay statements for each pay period that did/do not show: a) the total hours worked; b) the number of piece rate units earned and the applicable rate; c) the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, d) the total number of non-productive work hours and the hourly rate earned for time spent performing non-productive work, and e) the number of paid rest periods not provided and the premium wages owed for same.

41. Defendant further did not pay Named Plaintiff and Class Plaintiffs who have separated from Defendant all earned commissions: a) within 72 hours if they resigned without notice, or b) immediately if they provided notice or Defendant discharged them.

42. Instead, Defendant paid Named Plaintiff and Class Plaintiffs their final earned commissions according to the same schedule for the payment of commissions that was in effect during their employment at the earliest or later.

43. The aforementioned conduct has caused Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs to suffer damages.

**COUNT I**
**Violations of the Fair Labor Standards Act ("FLSA")**
**(Failure to Pay Overtime Wages)**
**(Named Plaintiff and Collective Plaintiffs v. Defendant)**

44. The foregoing paragraphs are incorporated herein as if set forth in full.

45. At all times relevant herein, Defendant was/is an employer within the meaning of the FLSA.

46. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Collective Plaintiffs.

47. At all times relevant herein, Named Plaintiff and Collective Plaintiffs were/are employed with Defendant as "employees" within the meaning of the FLSA.

48. Under the FLSA, an employer must pay an employee at least one and one-half times their regular rate for each hour worked more than 40 hours in a workweek.

49. Defendant's violations of the FLSA include, but are not limited to, not paying Named Plaintiff and Collective Plaintiffs all overtime wages earned for hours worked more than 40 hours in a workweek.

50. Defendant's conduct in failing to pay Named Plaintiff and Collective Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

51. As a result of Defendant's unlawful conduct, Named Plaintiff and Collective Plaintiffs have suffered injuries.

**COUNT II**
**Violation of Labor Code and §4 of IWC Wage Order No. 4-2001**
**(Failure to Pay Minimum Wages)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

52. The foregoing paragraphs are incorporated herein as if set forth in full.

53. At all times relevant herein, Defendant was/is an employer within the meaning of the Labor Code and the IWC Wage Orders.

54. At all times relevant herein, Defendant was/is responsible for paying wages to Named Plaintiff and Class Plaintiffs.

55. At all times relevant herein, Named Plaintiff and Class Plaintiffs were/are employed with Defendant as "employees" within the meaning of the Labor Code and the IWC Wage Orders.

56. Under the Labor Code and the §4 of IWC Wage Order No. 4-2001, an employer must pay an employee at least the minimum wage for time spent performing non-productive work.

57. Defendant violated the Labor Code and §4 of IWC Wage Order No. 4-2001 by failing to pay them any wages for time spent performing non-productive work.

58. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was and is willful and was not based upon any reasonable interpretation of the law.

59. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered injuries.

**COUNT III**
**Violations of the Labor Code and §12 of IWC Wage Order No. 4-2001**
**(Failure to Provide Paid Rest Periods)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

60. The foregoing paragraphs are incorporated herein as if set forth in full.

61. The Labor Code and §12 of IWC Wage Order No. 4-2001 require an employer to provide an employee with uninterrupted, paid rest periods of at least 10 minutes during any workday on which they work at least 3.5 hours.

62. The Labor Code and §12 of IWC Wage Order No. 4-2001 require an employer to pay an employee 1 hour's worth of wages at their regular rate for each workday on which they worked at least 3.5 hours but were not provided with an uninterrupted, paid rest period of at least 10 minutes.

63. Defendant violated the Labor Code and §12 of IWC Wage Order No. 4-2001 by neither providing uninterrupted, paid rest periods of at least 10 minutes to Named Plaintiff and Class Plaintiffs when they worked at least 3.5 hours during a workday nor paying them an additional 1 hour's worth of wages at their regular rate for each such missed paid rest period.

64. Defendant's conduct in failing to pay Named Plaintiff and Class Plaintiffs properly was/is willful and was not based upon any reasonable interpretation of the law.

65. As a result of Defendant's unlawful conduct, Named Plaintiff and Class Plaintiffs have suffered injuries.

**COUNT IV**
**Violations of the Labor Code**
**(Failure to Timely Pay All Earned Wages After Separation)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

66. The foregoing paragraphs are incorporated herein as if set forth in full.

67. The Labor Code requires an employer to pay an employee all earned wages promptly upon the employee's separation.

68. Defendant violated the Labor Code by failing to timely pay Named Plaintiff and Class Plaintiff all earned wages, including commissions, including minimum wages for time spent performing non-productive work, premium wages for days on which Defendant did not provide a required paid rest period after their separation.

69. As a result of Defendant's conduct, Named Plaintiff and Class Plaintiffs have suffered injuries.

**COUNT V**
**Violations of the Labor Code and §7 of IWC Wage Order No. 4-2001**
**(Failure to Provide Accurate and Itemized Pay Statements and Keep Accurate Time and Pay Records)**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

70. The foregoing paragraphs are incorporated herein as if set forth in full.

71. The Labor Code and §7 of IWC Wage Order No. 4-2001 require an employer to provide an employee with an accurate, itemized pay statement showing: a) the total hours worked; b) the number of piece rate units earned and the applicable rate; c) the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each rate, d) the total number of non-productive work hours and the hourly rate earned for time spent performing non-productive work, and e) the number of paid rest periods not provided and the premium wages owed for same.

72. The Labor Code and §7 of IWC Wage Order No. 4-2001 also require an employer to maintain accurate records of the hours worked and wages earned by employees.

73. Defendant violated the Labor Code and §7 of IWC Wage Order No. 4-2001 by failing to provide the required information on pay statements it issued to Named Plaintiff and Class Plaintiffs.

74. Defendant further violated the Labor Code and §7 of IWC Wage Order No. 4-2001 by failing to maintain accurate records of the hours worked and wages earned by Named Plaintiff and Class Plaintiffs.

75. As a result of the aforementioned conduct, Named Plaintiff and Class Plaintiffs have suffered injuries.

**COUNT VI**
**Violations of the Unfair Competition Law**
**(Named Plaintiff and Class Plaintiffs v. Defendant)**

76. The foregoing paragraphs are incorporated herein as if set forth in full.

77. The Unfair Competition Law prohibits any unlawful, unfair, or fraudulent business practices.

78. Defendant violated the Unfair Competition law by engaging in the unlawful conduct alleged herein, including but not limited to failing to pay the minimum wage, failing to timely pay earned wages after separation, failing to provide required paid rest periods, and issuing wage statements containing false and/or misleading information about the amount of wages or compensation due Named Plaintiff and Class Plaintiffs.

79. Named Plaintiff and Class Plaintiffs lost wages and other money due as a result of Defendant's conduct.

**WHEREFORE**, Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs pray that this Court enter an Order providing that:

(1) Defendant is to compensate, reimburse, and make Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs whole for any and all pay and benefits they would have received had it not been for

1  Defendant's illegal actions, including but not limited to past lost earnings owed under the FLSA and/or
2  the Labor Code and the IWC Wage Orders;

3      (2)    Named Plaintiff and Collective Plaintiffs are to be awarded liquidated damages under
4  the FLSA in an amount equal to the actual damages in this case;

5      (3)    Defendant is to pay all applicable statutory penalties under the Labor Code;

6      (4)    Defendant is to pay restitutionary disgorgement pursuant to the Unfair Competition Law;

7      (5)    Defendant is to pay prejudgment interest at the maximum legal rate to Named Plaintiff and Class Plaintiffs;

8      (6)    Defendant is to pay general, special, and consequential damages, to the extent allowed by law;

9      (7)    Named Plaintiff, Collective Plaintiffs, and Class Plaintiffs are to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable federal and state law.

10     (8)    Named Plaintiff and Class Plaintiffs are to be awarded applicable liquidated damages under the Labor Code;

11     (9)    Defendant is to provide such other relief as the Court may deem just and proper;

12     (10)    Named Plaintiff's, Collective Plaintiffs', WHL Plaintiffs', WPL Plaintiffs', and Common Law Plaintiffs' claims are to receive a trial by jury.

Respectfully Submitted,

*/s/ Joshua S. Boyette*
Joshua S. Boyette, Esq. (SBN 343330)
**SWARTZ SWIDLER, LLC**
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Phone: (856) 685-7420
Fax: (856) 685-7417

Date:  October 31, 2023