1  Spencer C. Skeen CA Bar No. 182216
   spencer.skeen@ogletree.com
2  Tim L. Johnson CA Bar No. 265794
   tim.johnson@ogletree.com
3  Andrew J. Deddeh CA Bar No. 272638
   andrew.deddeh@ogletree.com
4  Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
   4660 La Jolla Village Drive, Suite 900
5  San Diego, CA  92122
   Telephone:  858-652-3100
6  Facsimile:   858-652-3101

7  Attorneys for Defendant GUARANTEED RATE, INC.

8                    **UNITED STATES DISTRICT COURT**

9                   **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ROBERT PETERS, individually and on          Case No. 3:23-cv-05602-VC
    behalf of all those similarly situated,
12                                              **REPLY IN SUPPORT OF**
                 Plaintiff,                     **DEFENDANT'S MOTION TO**
13                                              **COMPEL INDIVIDUAL**
         v.                                     **ARBITRATION, DISMISS CLASS**
14                                              **CLAIMS, AND DISMISS OR STAY**
    GUARANTEED RATE, INC,                       **ACTION**
15
                 Defendant.                     Hearing Date:    April 18, 2024
16                                              Hearing Time:    10:00 a.m.
                                                Courtroom:       4
17
                                                Complaint Filed: October 31, 2023
18                                              Trial Date:      None Set

19                                              District Judge:   Vince Chhabria

20

21

22

23

24

25

26

27

28

# I. INTRODUCTION

Plaintiff Robert Peters ("Plaintiff") filed his class action and FLSA complaint on October 31, 2023, (ECF 1) but did not serve Defendant Guaranteed Rate, Inc. ("GRI") until December 12, 2023 (ECF 18.). Thereafter, the parties negotiated and prepared a draft stipulation to submit Plaintiff's individual claims to arbitration. In connection with those discussions, the parties submitted a stipulation to the Court to continue the responsive pleading deadline so they could finalize the stipulation to arbitrate. (Declaration of Tim L. Johnson "Johnson Decl." ¶ 2.) However, the Court denied the stipulation. (ECF 36.) In response, GRI filed the instant Motion on February 23, 2024. (ECF 39.) It noticed the Motion for hearing on April 4, 2024, the earliest date that complied with the Court's rules.

A week later, on February 29, 2024, Plaintiff filed an FLSA Motion for Authorization to Send Notice Under 29 U.S.C 216(b) and for Equitable Tolling ("FLSA Motion") (ECF 45), which he also noticed for April 4, 2024. The next day, on March 1, 2024, the parties attended the Initial Status Conference. There, GRI agreed to toll the statute of limitations as to all collective members, and in exchange, the Court denied Plaintiff's FLSA Motion without prejudice to refile it after it ruled on GRI's Motion. (ECF 46). The Court also moved the hearing date on the Motion to April 18, 2024, due to a scheduling conflict raised by Plaintiff's counsel. (ECF 46.)[1]

Shortly after GRI filed the Motion, Plaintiff's counsel advised GRI's counsel that they were preparing an opposition. (Johnson Decl. ¶ 4; Exhibit "Ex." 1) However, they never timely filed anything. (Johnson Decl. ¶ 4.) Pursuant to the Northern District of California's Local Rule 7-3, Plaintiff had until March 8, 2024, to file an opposition. Instead, on March 11, 2024, Plaintiff's counsel emailed asking for a stipulation to set the opposition deadline to March 22, 2024. (Johnson Decl. ¶ 4; Ex. 2.)

---

[1] Oddly, the day before, Plaintiff's counsel set the FLSA Motion for hearing on April 4, 2024, the day they claimed unavailability.

REPLY IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY ACTION

A few hours after sending the belated request for an extension to oppose the Motion, Plaintiff's counsel filed an Amended Complaint. (ECF 47.) Apparently, Plaintiff's counsel believes filing the Amended Complaint cures the failure to oppose the Motion. It does not. Nothing in the Amended Complaint addresses GRI's Motion. The only difference between the Complaint and the Amended Complaint is the Amended Complaint adds two individual defendants – notably, two of the highest-ranking officials at GRI: the CEO (Victor Ciardelli) and the COO (Nikolaos Athanasiou). (Johnson Decl. ¶ 5.) This addition has no legal consequence to the Motion, as explained herein. A redline comparison shows no changes to the Amended Complaint that affect GRI's Motion. (Johnson Decl. ¶ 5) Under these circumstances, relevant authority allows this Court to rule on the Motion.

## II. THE AMENDED COMPLAINT DOES NOT INTERFERE WITH THE COURT'S ABILITY TO GRANT GRI'S PENDING MOTION

Courts may exercise discretion and apply a pending motion to dismiss to portions of an amended complaint that are substantially identical to the original complaint. (*Crawford v. Tiley* (6th Cir. 2021) 15 F.4th 752, 759.) Indeed, where a plaintiff files an amended complaint while a motion to dismiss is pending, the court "may ... consider the merits of the motion, analyzing the facts as alleged in the amended pleading." (*Pettaway v. National Recovery Solutions,* LLC (2d Cir. 2020) 955 F.3d 299, 303.) Stated another way, "[i]f some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading." (*Green v. Mason* (S.D. Ohio 2020) 504 F. Supp. 3d 813, 826 (citations omitted).) This "approach promotes judicial economy by obviating the need for multiple rounds of briefing addressing complaints that are legally insufficient." (*Pettaway,* 955 F.3d at 303; *see also Roberto v. Clever Care of Golden State, Inc.* (C.D. Cal., Apr. 6, 2023, No. 822CV01301DOCADS) 2023 WL 3551965, at *4; and *Garcia v. Hawaii* (D. Hawaii, June 21, 2023, No. CV 22-00432 JMS-WRP) 2023 WL 4106297, at *1.)

REPLY IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY ACTION

A noted above, the Amended Complaint does not interfere with the Court's ability to act on GRI's pending Motion because Plaintiff's allegations and claims against GRI in the Amended Complaint are identical to those in the original Complaint. Because the identical claims and allegations suffer from the same defect, which the pending Motion addresses, the Court can and should act on the Motion.

## III. NONSIGNATORIES MAY ENFORCE ARBITRATION AGREEMENTS

Because a principal is bound under the terms of a valid arbitration clause, its agents, employees, and representatives are also covered under the terms of such agreements. (*Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.* (3rd Cir. 1993) 7 F.3d. 1110, 1121-1122 [employee sued individually as part of an action against her employer may invoke employer's arbitration agreement with plaintiff].)

This is not a legally controversial issue. Under both federal and California law, individual defendants may invoke their employer's arbitration agreement with the plaintiff even though they are not parties to the agreement themselves. (*Letizia v. Prudential Bache Secur., Inc.* (9th Cir. 1986) 802 F.2d 1185, 1187-1188 [nonsignatories to arbitration agreement may invoke its provisions under ordinary contract and agency principles]; *Dryer v. Los Angeles Rams* (1985) 40 Cal.3d 406, 418 [agents and employees of signatory to arbitration agreement entitled to its protection].) As the Court of Appeals noted in *Pritzker*, this is so because corporate entities, like GRI in this case, can only act through their employees: an arbitration agreement would be of little value if it did not extend to them. (*Pritzker v. Merrill Lynch*, *supra,* 7 F.3d. at1122.)

This case resembles *Thomas v. Perry* (1988) 200 Cal.App.3d 510. There, the plaintiff sued his former employer and two of its employees to recover unpaid wages. After an early appeal in the case to the Supreme Court, the case was remanded for further proceedings. However, after remand, it went up on appeal again before the Second Appellate District, in part, on the issue of whether the individually named

REPLY IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY ACTION

defendants had standing to invoke the employer-defendant's arbitration agreement with plaintiff. The plaintiff in *Thomas* argued—without authority—that even if the court found the arbitration agreement with his former employer valid, the individual defendants were not signatories to the agreement, and for that reason, had no standing to compel arbitration under its terms. (*Id*. at 516.) The Court of Appeal disagreed: "This contention is without merit under either federal or state law." (*Ibid*.)

The doctrine of equitable estoppel also permits claims against nonsignatories to be compelled to arbitration if they are based on the same facts and are inherently inseparable from arbitrable claims against signatory defendants. (See *Garcia v. Pexco, LLC* (2017) 11 Cal.5th 782, 786-787, 217 [employee's statutory claims against staffing agency's nonsignatory client subject to arbitration because claims "intimately founded in and intertwined with the underlying contract obligations"] (internal quotes and citation omitted); *Franklin v. Community Regional Med. Ctr.* (9th Cir. 2021) 998 F3d 867, 874-875 [employee's claims against nonsignatory hospital intertwined with employment relationship with signatory staffing agency]; *Boucher v. Alliance Title Co., Inc.* (2005) 127 Cal.4th 262, 271-273 [nonsignatory parent company may compel arbitration on claims against subsidiary].)

More recently, on March 11, 2024, the Ninth Circuit issued another ruling affirming enforcement of arbitration agreements by nonsignatories in *Herrera v. Cathay Pacific Airways Ltd* (No. 21-16083 D.C. No. 3:20-cv-03019-JCS). In enforcing the arbitration agreement, "the panel held that because plaintiffs' allegations [were] intimately intertwined with [the] alleged conduct under the [agreement], it was appropriate to enforce [a]rbitration." (*Id.* at 3.)

All the Amended Complaint does is add two individual defendants but the claim and facts upon which they are base remain the same. Given the above authority, this addition has no impact on GRI's Motion.

# IV. **CONCLUSION**

For the foregoing reasons, GRI requests the Court grant the Motion in its entirety.

DATED: March 15, 2024

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/Spencer C. Skeen*
Spencer C. Skeen
Tim L. Johnson
Andrew J. Deddeh
Attorneys for Defendant
GUARANTEED RATE, INC.

REPLY IN SUPPORT OF MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND DISMISS OR STAY ACTION

61264947.v1-OGLETREE