Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendant GUARANTEED RATE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PETERS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUARANTEED RATE, INC,<br><br>Defendant. | Case No. 3:23-cv-05602-VC<br><br>**DECLARATION OF TIM JOHNSON IN SUPPORT OF DEFENDANT'S REPLY TO MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ACTION**<br><br>Hearing Date: April 18, 2024<br>Hearing Time: 10:00 a.m.<br>Courtroom: 4<br><br>Complaint Filed: October 31, 2023<br>Trial Date: None Set<br><br>District Judge: Vince Chhabria |

I, Tim L. Johnson, declare:

1. I am an attorney at law duly licensed and admitted to this Court. I am a shareholder with the law firm of Ogletree, Deakins, Nash, Smoak & Stewart, P.C., counsel for Guaranteed Rate, Inc. ("GRI"). The facts set forth herein are true of my own personal knowledge or information collected for me by persons acting under my direction and control in the usual course of business, and if called upon to testify thereto, I could and would competently do so under oath.

2. Plaintiff Robert Peters ("Plaintiff") filed his class action and FLSA complaint on October 31, 2023, (ECF 1) but did not serve GRI until December 12, 2023 (ECF 18.). Thereafter, the parties negotiated and prepared a draft stipulation to submit Plaintiff's individual claims to arbitration. In connection with those discussions, the parties submitted a stipulation to the Court to continue the responsive pleading deadline so they could finalize the stipulation to arbitrate. However, the Court denied the stipulation. (ECF 36.) In response, GRI filed the instant Motion on February 23, 2024. (ECF 39.) It noticed the Motion for hearing on April 4, 2024, the earliest date that complied with the Court's rules.

3. A week later, on February 29, 2024, Plaintiff filed an FLSA Motion for Authorization to Send Notice Under 29 U.S.C 216(b) and for Equitable Tolling ("FLSA Motion") (ECF 45), which he also noticed for April 4, 2024. The next day, on March 1, 2024, the parties attended the Initial Status Conference. There, GRI agreed to toll the statute of limitations as to all collective members, and in exchange, the Court denied Plaintiff's FLSA Motion without prejudice to refile it after it ruled on GRI's Motion. (ECF 46). The Court also moved the hearing date on the Motion to April 18, 2024, due to a scheduling conflict raised by Plaintiff's counsel. (ECF 46.) Oddly, the day before, Plaintiff's counsel set the FLSA Motion for hearing on April 4, 2024, the day they claimed unavailability.

4. Shortly after GRI filed the Motion, Plaintiff's counsel advised GRI's counsel that they were preparing an opposition. (Attached as **Exhibit 1** is a true and

accurate copy of Plaintiff's September 26, 2024 email confirming their preparation of their opposition) However, they never timely filed anything. Pursuant to the U.S. District Court – Northern District of California's Local Rule 7-3, Plaintiff had until March 8, 2024, to file an opposition. Instead, on March 11, 2024, Plaintiff's counsel emailed asking for a stipulation to set the opposition deadline to March 22, 2024. (Attached as **Exhibit 2** is a true and accurate copy of Plaintiff's March 11, 2024 email.) Exhibit 2 shows that Plaintiff's counsel has had a copy of the signed arbitration agreement since December 22, 2023.

     5.     The only difference between the Complaint and the Amended Complaint is the Amended Complaint adds two individual defendants – notably, two of the highest-ranking officials at GRI: the CEO (Victor Ciardelli) and the COO (Nikolaos Athanasiou). This addition has no legal consequence to the Motion, as explained in GRI's Reply. A redline comparison between Plaintiff's Original Complaint and the Amended Complaint was reviewed by converting each pleading from their Adobe PDF version to a Microsoft Word version. My office then used Microsoft Word's compare function to evaluate the changes. No changes to the Amended Complaint affect GRI's Motion.

     I declare under the penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

     Executed on March 15, 2024.

                                                 */s/ Tim L. Johnson*
                                                 Tim L. Johnson