DocuSign Envelope ID: 5DED10C0-59A5-405A-A85E-BCD03EAC1356

Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
Brett R. Tengberg CA Bar No. 318436
brett.tengberg@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants GUARANTEED RATE, INC.; VICTOR CIARDELLI and NIKOLAOS ATHANASIOU

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

ROBERT PETERS, individually and on behalf of all those similarly situated,

Plaintiff,

v.

GUARANTEED RATE, INC,

Defendant,

And

VICTOR CIARDELLI

Defendant,

And

NIKOLAOS ATHANASIOU

Defendant.

Case No. 3:23-cv-05602-VC

**DECLARATION OF KRISTEN GERACE IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL INDIVIDUAL ARBITRATION, DISMISS CLASS CLAIMS, AND STAY ACTION**

Hearing Date: May 23, 2024
Hearing Time: 10:00 a.m.
Courtroom: 4

Complaint Filed: October 31, 2023
Trial Date: None Set

District Judge: Vince Chhabria

DocuSign Envelope ID: 5DED10C0-59A5-405A-A85E-BCD03EAC1356

I, Kristen Gerace, declare:

1. I am over the age of 18. I am a Human Resources Director for Defendant Guaranteed Rate, Inc. ("GRI"). Due to my position, I am familiar with GRI's business operations, including its arbitration program. I have personal knowledge of the matters set forth in this Declaration. My personal knowledge derives from on-the-job experience and review of GRI's business records. GRI maintains its business records in the ordinary course of business. I can access such documents in my job capacity. In preparing this Declaration, I reviewed the onboarding and related materials for Plaintiff Robert Peters ("Plaintiff"). If called upon as a witness, I could and would competently testify as to the following.

2. As part of his employment, GRI provided Plaintiff with a document titled "Compensation Terms" (hereinafter "Compensation Terms") which Plaintiff signed on December 9, 2016. Attached to this declaration as "**Exhibit 1**" is a true and accurate copy of that document. It sets forth the criteria and calculations for earning commissions at GRI. It also contains a separate section entitled "Mandatory Arbitration and Waiver of Right to Sue and Right to File Any Class or Collective Action" ("arbitration provision"). (*See generally*, p. 15). The arbitration provision covers all claims relating to Plaintiff's employment with GRI, including any claims related to compensation. (*See*, p. 14, Section VII(a).) It also requires Plaintiff to arbitrate such violations on an individual basis. It states, "You and the Company expressly waive any right to resolve any dispute covered by this Agreement by filing suit in court for trial by a judge or jury. With respect to any and all claims made by you, there will be no right or authority for any dispute to be brought, heard or arbitrated under this Agreement as a class or collective action, private attorney general, or in a representative capacity on behalf of any Person." (Page 14, Section VII(b).)

3. GRI utilized the onboarding process I describe in this Declaration during the timeframe of Plaintiff's onboarding.

4. At the time of Plaintiff's onboarding, when GRI made an offer of employment to an individual, GRI sent the individual candidate a compensation plan and associated terms and conditions for employment with the offer letter. In Plaintiff's case, GRI personnel assembled his compensation plan and associated employment terms and conditions into a document entitled

"Compensation Terms," which was then delivered to him electronically via DocuSign for review and signature, along with his offer letter.

5. Upon uploading these documents to DocuSign, DocuSign sent an email to the candidate's personal email address. The email states that DocuSign provided the candidate with the documents. The email also contains a link. It instructs the candidate to follow the link to review, and if agreeable, sign the documents. Attached as "**Exhibit 2**" is a true and accurate example of the email provided to candidates via DocuSign.

6. Once the candidate followed the link, DocuSign brought the candidate to a separate page that allowed the candidate to review, and ultimately, sign the documents. Attached as "**Exhibit 3**" is screenshot indicating a true and accurate example of the documents viewed after following the link. As shown in **Exhibit 3**, the screen is "greyed out" and the candidate had to click "Continue" to review and sign the documents.

7. Once the candidate clicked "Continue," DocuSign released the document and the grey screen fell away. The candidate could scroll through the document to review and sign it at the bottom. Attached as "**Exhibit 4"** is a screenshot depicting a true and accurate example of the released document the candidate could scroll through to review.

8. Thereafter, the candidate had the choice to agree or decline to sign the documents. If the candidate signed a document through DocuSign, the candidate received notice upon completion of the signing. DocuSign then prompted the candidate to either download or print the signed document. Attached as "**Exhibit 5**" depicts a true and accurate example of this step in the process as DocuSign generates email for the candidate showing that the candidate signed the DocuSign document and providing a link to access and download the document. When a candidate signed a document, DocuSign also generated an electronic notification in the form of a "Certificate of Completion." The certificate shows which documents, if any, the candidate signed, along with the date, time, and the name and email address of the person who signed the documents. As attested to in paragraph 13 below, Exhibit 7 to this Declaration contains the Certificate of Completion for Plaintiff after he reviewed and agreed to the arbitration provision.

DocuSign Envelope ID: 5DED10C0-59A5-405A-A85E-BCD03EAC1356

9. As noted above, DocuSign sends the documents to the candidate to access, review, and sign via email, which contains a link to the documents. Only the person who has access to the email can access, review, and sign the documents. If someone using an email address other than the intended recipient attempts to follow the link in the email to access, review, and sign documents on someone else's behalf, DocuSign generates an error message. In other words, if someone other than the candidate forwarded the link to attempt to access, review, and sign documents, DocuSign displays an error message, and the person cannot proceed further. Attached as "**Exhibit 6**" is a screenshot from my DocuSign account depicting a true and accurate example of the error message triggered when someone attempts to follow the link from an email address other than that of the intended recipient.

10. By reviewing documents maintained in the ordinary course of business, I confirmed that in December 2016, GRI HR Generalist Crystin Javakula sent Compensation Terms to Plaintiff for signature via DocuSign.

11. DocuSign generated Certificates of Completion for the Compensation Terms. Attached to this Declaration as "**Exhibit 7**" is a true and accurate copy of the Certificate of Completion DocuSign generated for the Compensation Terms, which shows the date and time Plaintiff reviewed and agreed to the arbitration provision.

12. Plaintiff received the agreement electronically and was able to review and accept its terms fully at his convenience. GRI has no record of Plaintiff questioning or requesting to negotiate the terms of the arbitration provision.

13. On January 5, 2017, GRI's Chief Operating Officer, Nikolaos Athanasiou, executed the Compensation Terms on behalf of GRI. Attached as "**Exhibit 8**" is a true and correct copy of the Certificate of Completion generated by DocuSign.

I declare under penalty of perjury pursuant to the laws of California, the State of Illinois, and the United States of America that the foregoing is true and correct and that I executed this declaration on March 22, 2024.




Kristen Gerace