**EXHIBIT B**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KARLA PEREYRA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>GUARANTEED RATE, INC.,<br><br>　　　　　Defendant. | Case No. 18-cv-06669-EMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**<br><br>Docket No. 14 |

## I.　INTRODUCTION

Currently pending before the Court is Defendant's motion to compel arbitration. The Court ruled from the bench that there are four unconscionable provisions all of which can be severed or reformed. For the reasons stated on the record and as memorialized, clarified and supplemented herein, the Court **GRANTS** Defendant's motion to compel arbitration.

## II.　FACTUAL & PROCEDURAL BACKGROUND

Plaintiff seeks to file a class action for claims arising under the California Labor Codes §§ 510; 1198; 226.7(a); 512(a); 226.7(a); 226(a); 201-203; 221-224 et seq.; and violations of the Business and Professions Code § 17200 et seq. Complaint ("Compl.") Plaintiff argues that she and other class members are entitled to premium wages for overtime pay based on a regular rate with commission and bonuses. *Id.* ¶ 8. She alleges that Defendant denied her, and other class members, minimum wages owed to her and others based on overtime work laws, wages upon discharge, and compensation for meals and rest breaks. *Id.* Similarly, Plaintiff claims that Defendant failed to keep accurate payroll and wage statements in accordance with California law. *Id.*

1   She also raises a breach of contract claim.  She claims the breach of her employment
2   contract was the failure "to provide Plaintiff with the draw amount as stated and in the proper
3   amounts, failing to provide Plaintiff with the basis points on each loan, failing to pay the correct
4   commission payments for loans originated, failing to pay the enhanced commission, failing to pay
5   accurate monthly commissions after submitting questions within the time required, failing to pay
6   all wages owed per the contract for each pay period, and imposing deductions for expenses not
7   contemplated by the employment contract." *Id.* ¶ 32.

8   Plaintiff worked as an employee of Defendant from August 2015 to August 2016.  *Id.* ¶ 13.
9   She held the position of mortgage specialist in Orange County, California.  *Id.*  She contends that
10  in that position she regularly worked over eight hours a day and more than 40 hours a week
11  without overtime pay or compensation for meal and rest breaks.  *Id.*

12  After Plaintiff filed the Complaint, Defendant moved to compel arbitration and to dismiss
13  the action under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(1).  Defendant's Motion to
14  Compel ("Mot.").  The basis for this motion is an arbitration agreement in Plaintiff's employment
15  contract.

16  Plaintiff opposes the motion to compel arbitration on several grounds.  She argues the
17  contract is procedurally unconscionable because it was a contract of adhesion and Defendant
18  failed to include the AAA rules.  Opposition to Motion to Compel ("Opp'n") at 1.  She also
19  challenges the agreement on substantive unconscionability grounds, asserting that it lacked
20  mutuality, it requires Plaintiff to waive un-waivable claims, and allows Defendant to recover
21  attorneys' fees and costs in violation of California law.  *Id.*  She also argues that both the choice of
22  law provision and choice of forum provision are unconscionable.  *Id.* at 14-15.  Despite the choice
23  of law clause, Defendant does not argue that Illinois law applies here.  Reply at 6.

24  A.   The Contract

25  On July 24, 2015, Plaintiff signed an arbitration agreement.  This agreement was
26  superseded by a contract signed by Plaintiff on July 8, 2016.  Confusingly, the parties have each
27  submitted the arbitration agreement for a different employee (the plaintiff in the related case
28  *Turng*).  *Turng v. Guaranteed Rate, Inc.*, 371 F. Supp. 3d 610, 615 (N.D. Cal. 2019).  However,

both parties agree that it is identical to the copy of the arbitration agreement provided to Plaintiff in this matter. The relevant provisions of the arbitration agreement read:

(V) YOUR CONFIDENTIALITY OBLIGATIONS; NON-SOLICITATION

. . .

(f) Enforcement; Remedies

You covenant, agree and recognize that because the breach or threatened breach of the covenants, or any of them, contained in Section V hereof will result in immediate and irreparable injury to the Company, the Company shall be entitled to an injunction restraining you from any violation of the covenants and agreements contained in this Section V to the fullest extent allowed by law. Nothing herein shall be construed as prohibiting the Company, and its respective successors and assigns, from pursuing all legal or equitable remedies that may be available to them for any such breach, including the recovery of damages from you.

(f) Construction

You hereby expressly acknowledge and agree as follows:

(i) the covenants set forth in Section V are reasonable in all respects and are necessary to protect the legitimate business and competitive interests of the Company in connection with its business, which you agree, pursuant to this Agreement, to assist in maintaining and developing; and

(ii) each of the covenants set forth in Section V is separately and independently given, and each such covenant is intended to be enforceable separately and independently of the other such covenants, including without limitation, enforcement by injunction, and that the invalidity or unenforceability of any provision of this Agreement in any respect shall not affect the validity or enforceability of this Agreement in any other respect. In the event that any provision of this Section V shall be held invalid or unenforceable by a court of competent jurisdiction by reason of the duration thereof of any such covenant, or for any other reason, such invalidity or unenforceability shall attach only to the particular aspect of such provision found invalid or unenforceable as applied and shall not affect or render invalid or unenforceable any other provision. This Section V shall be construed as if the provision or other basis on which such provisions has been determined to be overly broad had been more narrowly drafted so as not to be invalid or unenforceable. . . .

VII. MANDATORY ARBITRATION AND WAIVER OF RIGHT TO SUE AND RIGHT TO FILE ANY CLASS OR COLLECTIVE ACTION.

(a) Arbitration

Any and all claims (legal or equitable), demands, disputes, or controversies between you and the Company must be resolved by arbitration in accordance with the rules of the American Arbitration Association then in existence. Such arbitration shall take place in Chicago, Illinois, the applicable law will be the laws of the State of Illinois without regard to the conflicts of law provisions therein and the decision of the arbitrator shall be final and binding on you and the Company. Without limiting the foregoing, the following claims must be resolved by arbitration:

(i) Claims related to your compensation with the Company brought under any federal, state or local statute, law, ordinance, regulation or order or the common law of any state, including without limitation claims relating to your wages, salary increases, bonuses, commissions, overtime pay, vacation pay, or severance pay whether or not such claim is based upon a legally protected right, whether statutory, contractual or common law; and

(ii) Claims brought under any federal, state, or local statute, law, ordinance, regulation, or order, or the common law of any state, alleging that you were or are being subject to discrimination retaliation, harassment, or denial of equal employment opportunity based on sex, race, color, religion, national origin, disability, age, marital status, or any other category protected by law; and/or relating to your benefits or working conditions, including without limitation, claims related to leaves of absence, Employee benefit plans, Employee health and safety, and activity protected by federal labor laws.

(b) Waiver of Right to Sue and Right to File any Action as a Class or Collective Action

You and the Company expressly waive any right to resolve any dispute covered by this Agreement by filing suit in court for trial by a judge or jury.

With respect to any and all claims made by you, there will be no right or authority for any dispute to be brought, heard or arbitrated under this Agreement as a class or collective action, private attorney general, or in a representative capacity on behalf of any Person.

(c) Exclusions

The mandatory arbitration provisions of this Agreement do not apply to: (i) any claim by you for workers compensation benefits or unemployment compensation benefits; (ii) any claim for injunctive or equitable relief, including without limitation claims related to unauthorized disclosure of confidential information, trade secrets or intellectual property; or (iii) any action brought relating to or arising out of any non-solicitation violations.

IX. APPLICABLE LAW; VENUE

This Agreement shall be governed by and construed in accordance

with the laws of the State of Illinois, without regard to the conflicts of laws provisions therein. You irrevocably consent to the exclusive jurisdiction of the state and federal courts located in Cook County, Illinois, for the purposes of any action or proceeding relating to or arising out of this Agreement and/or your employment with the Company.

X. ATTORNEYS' FEES AND COSTS; INJUNCTIVE RELIEF

The Company may recover from you its attorneys' fees and costs relating to any action to enforce, defend and/or prosecute this Agreement. You acknowledge that a breach of any provision of this Agreement will cause irreparable harm to the Company and that monetary damages will be inadequate and may be difficult or impossible to ascertain. Therefore, in the event of any such breach, or threatened breach, in addition to all other remedies, the Company shall have the right to require you to fulfill your obligations by way of temporary and/or permanent injunctive relief.

XI. MISCELLANEOUS

This Agreement, together with any Schedule, is complete and reflects all of the agreements, representations and warranties between you and the Company and supersedes all other agreements (oral or written) in effect prior to the execution of this Agreement. The Company reserves the right to terminate or modify this Agreement at any time. Any delay or failure to enforce any provision of this Agreement by the Company shall not be considered a waiver of such provisions or any other provision of this Agreement.

. . .

To the extent a court of competent jurisdiction determines any provision is not enforceable, the parties agree that the court may modify the provision to the minimum extent necessary to make the provision enforceable. Further, any such invalid provision shall not invalidate the remaining provisions, which shall remain in full force and effect.

Plaintiff's Ex. 2.

### III. DISCUSSION

A. Legal Standard

Arbitration agreements are "valid, irrevocable, and enforceable" under the Federal Arbitration Act. 9 U.S.C. § 2. Section 2, however, "permits arbitration agreements to be declared unenforceable 'upon such grounds as exist at law or in equity for the revocation of any contract.' This saving clause permits agreements to arbitrate to be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only

to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339-40 (2011) (quoting *Doctor's Associates, Inc. v. Casarotto*, 517 U.S. 681, 687 (1996)). "By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985). Plaintiff bears the burden of showing that an arbitration agreement should not be enforced. *Green Tree Fin. Corp.-Ala. v. Randolph*, 531 U.S. 79, 91 (2000).

Neither party questioned whether the Court (as opposed to an arbitrator) may determine arbitrability.

B.  Choice of Law

Plaintiff challenges the choice of law provision both as it is applied in this case and facially as unconscionable. As applied here, she contends that California law governs this matter despite the existence of a choice of law provision in the contract requiring Illinois law to apply.

Defendant makes no attempt to enforce the choice of law provision. Reply at 6. For this reason, the Court shall apply California law.

C.  Unconscionability

Arbitration clauses can be invalidated based "upon such grounds as exist at law or in equity for the revocation of any contract" such as unconscionability. 9 U.S.C. § 2. Under California law, for a party to claim a contract is unconscionable, it must show that it is both procedurally and substantively unconscionable. *Dalton v. J. Mann Inc.*, 2016 WL 5909710, at *3 (N.D. Cal. Oct. 11, 2016). "A sliding scale is applied so that the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable, and vice versa." *Serafin v. Balco Props. Ltd.*, LLC, 235 Cal. App. 4th 165, 178 (Ct. App. 2015). When evaluating procedural unconscionability courts focus on oppression or surprise that results from unequal bargaining power, and while evaluating substantive unconscionability courts are more concerned with overly harsh or one-sided results. *Sonic-Calabasas A, Inc. v. Moreno*, 57 Cal. 4th 1109, 1133 (2013).

6

1. Procedural Unconscionability

Procedural unconscionability refers to unequal bargaining power resulting from no real negotiation and the absence of a meaningful choice. *Dean Witter Reynolds, Inc. v. Superior Court,* 211 Cal. App. 3d 758, 767-68 (Ct. App. 1989), *reh'g denied and opinion modified* (July 21, 1989). Plaintiff contends that the contract contains two different aspects of procedural unconscionability.

a. Defendant's Failure to Provide AAA Rules

Plaintiff argues that because Defendant did not provide her with a copy of the AAA rules, nor did it tell her where to find a copy of the rules, the arbitration agreement is procedurally unconscionable. A failure to provide AAA rules that govern an arbitration agreement can sometimes amount to procedural unconscionability where the challenge to the contract "concerned some element of the AAA rules of which she had been unaware when she signed the arbitration agreement." *Baltazar v. Forever 21, Inc.*, 62 Cal. 4th 1237, 1246 (2016). It is true that some courts have found procedural unconscionability based on the failure to provide AAA rules or the failure to identify which of the then existing AAA rules govern. *See Carbajal v. CWPSC, Inc.*, 245 Cal. App. 4th 227, 244 (Cal. Ct. App. 2016). However, this Court is bound by California Supreme Court precedent which holds that where a "challenge to the enforcement of the agreement has nothing to do with the AAA rules" and the only challenges to the contract concern "matters that were clearly delineated in the agreement she signed" a party's "failure to attach the AAA rules" alone does not raise the level of procedural unconscionability. *Baltazar*, 62 Cal. 4th at 1246. Courts have, however, recognized that when AAA rules are incorporated by reference, courts may "more closely scrutinize the substantive unconscionability of terms appearing only in the [AAA] rules", but incorporation alone does not amount to oppression. *Poublon v. C.H. Robinson Co.*, 846 F.3d 1251, 1262 (9th Cir. 2017) (quoting *Baltazar*, 62 Cal. 4th at 1246).

In the case at bar, Plaintiff does not contend that any aspect of the AAA rules surprised her, nor does she challenge any specific AAA rule. The AAA rules referenced in the arbitration agreement are readily available to the public. *Ulbrich v. Overstock.com, Inc.*, 887 F. Supp. 2d 924, 932-33 (N.D. Cal. 2012) (recognizing that "[u]nder general California rules of contract

interpretation, matters like the AAA rules can be incorporated into a contract by reference provided the incorporation is clear and the incorporated rules are readily available"). Absent a showing that one of the AAA rules somehow surprised her, the failure to provide Plaintiff with a copy of the AAA rules or to specify which of the then existing AAA rules governed does not amount to any procedural unconscionability, at least where none of the AAA rules are challenged.

### b. Contract of Adhesion

Plaintiff challenges the arbitration agreement as unconscionable because it was a contract of adhesion. Plaintiff asserts that she did not have any opportunity to negotiate the terms of the contract. In Plaintiff's declaration she indicated that she was not given an "opportunity to negotiate any of the terms in the Compensation Agreement" and she was instructed by a person in the Human Resources department at GRI "to immediately sign" the documents or she "would forego [the] employment opportunity." Pereyra Decl. ¶ 5.

Under California law, access to employment is treated differently. In *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 115 (2000), the California Supreme Court recognized that "few employees are in a position to refuse a job because of an arbitration requirement," and thus an employment contract of adhesion is procedurally unconscionable. Here, the contract does appear to be "a standardized contract that is imposed and drafted by the party of superior bargaining strength and relegates to the other party only the opportunity to adhere to the contract or reject it." *Dalton.*, 2016 WL 5909710, at *3 (quoting *Higgins v. Superior Court*, 140 Cal. App. 4th 1238, 1248 (2006)). "California courts have held that oppression may be established by showing the contract was one of adhesion or by showing from the 'totality of the circumstances surrounding the negotiation and formation of the contract' that it was oppressive." *Poublon*, 846 F.3d at 1260 (citing *Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc.*, 232 Cal. App. 4th 1332, 1348, *as modified on denial of reh'g* (Feb. 9, 2015)). It is true that *Armendariz* found that "[g]iven the lack of choice and the potential disadvantages that even a fair arbitration system can harbor for employees, we must be particularly attuned to claims that employers with superior bargaining power have imposed one-sided, substantively unconscionable terms as part of an arbitration agreement." *Armendariz*, 24 Cal. 4th at 115. This language is

8

arguably in tension with the proposition that a court "may not 'rely on the uniqueness of an agreement to arbitrate as a basis for . . . '" finding an arbitration agreement unenforceable. *Concepcion*, 563 U.S. at 341 (quoting *Perry v. Thomas*, 482 U.S. 483, 493 (1987)). But the broader reading of *Armendariz* concerns the imposition of any one-sided unconscionable terms in an employment contract, not just those regarding arbitration. *Armendariz*'s recognition of differential bargaining power between employers and employees is not unique to an agreement to arbitrate. Hence, the proposition that adhesive contracts in the employment context generally entails some degree of procedural unconscionability still obtains in both the California Supreme Court and the Ninth Circuit subsequent to *Concepcion*. *See Poublon*, 846 F.3d at 1260; *Ramos v. Superior Court of San Francisco Cty.*, 28 Cal. App. 5th 1042 (Cal. Ct. App. 2018) (citing *McGill v. Citibank, N.A.*, 2 Cal. 5th 945, 962–963 (2017); *Sanchez v. Valencia Holding Co., LLC*, 61 Cal. 4th 899, 910 (2015); *Sonic-Calabasas A, Inc.*, 57 Cal. 4th at 1169 for the proposition that "[s]ince *Concepcion* was decided, the California Supreme Court has reaffirmed the validity of *Armendariz* multiple times"). Thus, the adhesive nature of the employment contract warrants a finding of some degree of procedural unconscionability.

Although there is some procedural unconscionability here, "[w]here there is no other indication of oppression or surprise, the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high." *Ajamian v. CantorCO2e, L.P.*, 203 Cal. App. 4th 771 (Cal. Ct. App. 2012). Thus, Plaintiff in the instant case needs to show a high degree of substantive unconscionability to invalidate the arbitration provision.

2. Substantive Unconscionability

Substantive unconscionability exists where the contract is overly harsh or is unduly one-sided. *Sonic-Calabasas A, Inc.*, 57 Cal. 4th at 1133. Plaintiff argues that the arbitration agreement is substantively unconscionable because it lacks mutuality, requires Plaintiff to waive unwaivable claims, allows Defendant to seek attorneys' fees, and requires Plaintiff to apply Illinois law and arbitrate in Chicago, Illinois.

9

### a. Mutuality

The California Supreme Court found in *Armendariz* that given the basic and substantial nature of the rights at issue in requiring arbitration, the unilateral obligation to arbitrate may be so unfairly one-sided as to warrant a finding of substantive unconscionability. *Armendariz, Inc.*, 24 Cal. 4th at 117. The *Armendariz* Court found that "it is unfairly one-sided for an employer with superior bargaining power to impose arbitration on the employee as plaintiff but not to accept such limitations when it seeks to prosecute a claim against the employee, without at least some reasonable justification for such one-sidedness based on 'business realities.'" *Id.* The phrase "business realities" refers to legitimate commercial need. *Id.* "But an arbitration agreement imposed in an adhesive context lacks basic fairness and mutuality if it requires one contracting party, but not the other, to arbitrate all claims arising out of the same transaction or occurrence or series of transactions or occurrences." *Id.* at 120 (finding unconscionability in part because "[a]n employee terminated for stealing trade secrets, for example, must arbitrate his or her wrongful termination claim under the agreement while the employer has no corresponding obligation to arbitrate its trade secrets claim against the employee"). Further, for a Defendant to employ the "business realities" justifying a one-sided arbitration agreement, those "'business realities' creating the special, need must be explained in the terms of the contract or factually established." *Fitz v. NCR Corp.*, 118 Cal. App. 4th 702, 723 (Ct. App. 2004) (citing *Armendariz,* 24 Cal. 4th at 117, quoting *Stirlen v. Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1536 (Ct. App. 1997).

A general assumption cannot be made that arbitration is a universally inferior forum to courts. *See Sonic-Calabasas A, Inc.*, 57 Cal. 4th at 1125, *Tompkins v. 23andMe*, 840 F.3d 1016, 1030 (9th Cir. 2016), *see Baltazar*, 62 Cal. 4th at 1247-48, 1250 (upholding a provision excepting preliminary injunctive relief likely to be used by employers, not employees, because that provision reiterated rights already in existence under California Code of Civil Procedure § 1281.8).

On the other hand, one-sided rights affording a broad exemption from arbitration and likely to benefit one party over the other by affording that party a choice of fora may be unconscionable. For instance, in *Farrar* the court found unconscionable an agreement which contained a "wholesale exception" to arbitration exempting "any claim based on or related to the

10

and Assignment of Inventions & Confidentiality Agreement between you and Direct Commerce," *Farrar v. Direct Commerce, Inc.*, 9 Cal. App. 5th 1257, 1273 (Ct. App. 2017), *review denied* (June 14, 2017). The exception for "any claim" extended beyond the *provisional* judicial remedies exempted from arbitration in *Baltazar*. The broad exception for all injunctions (including permanent injunction) in *Farrar* was therefore distinguishable from the limited exception in *Baltazar*. Other courts have similarly found that provisions which carve out from arbitration claims for permanent (not just preliminary) injunctive relief to be substantively unconscionable. *See Carbajal*, 245 Cal. App. 4th at 250; *Lara v. Onsite Health, Inc.*, 896 F. Supp. 2d 831, 844 (N.D. Cal. 2012) ("Accordingly, because the Arbitration Agreement allows the parties access to the courts only for injunctive relief, and this form of relief favors employers, the Court finds that this provision is substantively unconscionable"); *Colvin v. NASDAQ OMX Grp., Inc.*, 2015 WL 6735292, at *5 (N.D. Cal. Nov. 4, 2015) (finding an arbitration provision unconscionable where the exception "creates a lack of mutuality wherein the Defendant can force employee claims to arbitration while reserving the judicial forum for claims that Defendant is more likely to bring against its employees"); *Bermudez v. PrimeLending*, 2012 WL 12893080, at *13 (C.D. Cal. Aug. 14, 2012) (finding that a provision providing for an exception that is "not limited to injunctive relief" unconscionable); *Martin v. Ricoh Americas Corp.*, 2009 WL 1578716, at *4 (N.D. Cal. June 4, 2009) (citing cases).

In the case at bar, the exemptions from arbitration are provided in section (c) Part VII of the Agreement:

> The mandatory arbitration provisions of this agreement do not apply to: (i) any claim by you for workers compensation benefits or unemployment compensation benefits; (ii) **any claim for injunctive or equitable relief,** *including without limitation* **claims related to unauthorized disclosure of confidential information, trade secrets or intellectual property; or** (iii) **any action brought relating to or arising out of any non-solicitation violations**.

Plaintiff's Ex. 2 (emphasis added).

As in *Farrar*, Part VII(c) carves out a wholesale exemption of claims for injunctive or equitable relief (including permanent injunctive relief); this which is likely to benefit employers more than employees by affording employers a choice of fora not available to employees. *See*

11

1  *also Fitz*, 118 Cal. App. 4th at 724 (arbitration agreement "is unfairly one-sided because it
2  compels arbitration of the claims more likely to be brought by Fitz, the weaker party, but exempts
3  from arbitration the types of claims that are more likely to be brought by NCR, the stronger
4  party"). The one-sided nature is heightened by Section VII(c)(iii) which allows employers to sue
5  in court for damages as well as injunctive relief for non-solicitation violations–restrictions are
6  imposed only on employees and not the company. Accordingly, the non-mutuality of Part
7  VII(c)(ii) and (iii) are substantively unconscionable.

The Court does not, however, find Section V(e) lacks mutuality. Section V(e) states:

> V. YOUR CONFIDENTIALITY OBLIGATIONS; NON-SOLICITATION
>
> . . .
>
> (e) Enforcement; Remedies
>
> You covenant, agree and recognize that because the breach or threatened breach of the covenants, or any of them, contained in Section V hereof will result in immediate and irreparable injury to the Company, the Company shall be entitled to an injunction restraining you from any violation of the covenants and agreements contained in this Section V to the fullest extent allowed by law. Nothing herein shall be construed as prohibiting the Company, and its respective successors and assigns, from pursuing all legal or equitable remedies that may be available to them for any such breach, including the recovery of damages from you.

Plaintiff's Ex. 2.

This section does not provide an exemption to arbitration. Instead, it provides for certain relief (injunctive), whether in arbitration or in court. Section V(e) contrasts with Section VII(c) which expressly exempts certain causes of action from arbitration. Section V(e) does not expressly provide for such an exemption.

For the reasons stated herein Sections VII(c)(ii)-(iii) are unconscionable because mutuality is lacking. Section V(e), however, is not unconscionable.

          b.     <u>Attorneys' Fees Provision</u>

Plaintiff challenges as unconscionable the contract's attorneys' fees provision because it subverts language in the Labor Code related to a requirement that an employer show bad faith on the part of a plaintiff to recover attorneys' fees. Defendant argues that Plaintiff only raised a

breach of contract claim in this context to render the agreement unconscionable. To begin with, the Court does not find that the breach of contract claim is illusory and will therefore evaluate the unconscionability of the provision. The provision reads:

> The Company may recover from you its attorneys' fees and costs relating to any action to enforce, defend, and/or prosecute this Agreement.

Plaintiff's Ex. 2. The attorneys' fees provision is non-mutual. Although California Civil Code § 1717 operates to reform a one-sided attorney fee provision in a contract into a mutual obligation, § 1717 does not save the one-sided provision from unconscionability. In *Carmona*, Cal. App. 4th at 85, the court explained:

> Still, the attorney fee provision is not conscionable merely because section 1717 might provide employees relief from the provision's one-sidedness. The court's reasoning in *Samaniego* demonstrates the flaw in this argument. There, the arbitration agreement contained a unilateral fee-shifting provision requiring employees to pay any attorney fees the employer, Empire, might incur "'to enforce any of its rights'" under the employment agreement. *Samaniego*, *supra*, 205 Cal. App. 4th at p. 1143, 140 Cal. Rptr. 3d 292.) The court held "[S]uch a clause contributes to a finding of unconscionability. [Citation] Empire argues this clause is of no moment because, after all, one-way fee-shifting provisions that benefit only employers violate both the Labor Code and commercial arbitration rules, 'which means that Empire cannot recover its attorney's fees from plaintiffs even if it prevails in arbitration.' In other words, according to Empire, it is not unconscionable because it is illegal and, hence, unenforceable. To state the premise is to refute Empire's logic. The argument is unpersuasive." (*Id.* at p. 1147, 140 Cal. Rptr. 3d 492.)
>
> The car wash companies' argument represents the same sort of flawed logic. "'Section 1717 was enacted to make all parties to a contract, especially an "adhesion contract," equally liable for attorney's fees and other necessary disbursements.'" (*System Inv. Corp. v. Union Bank* (1971) 21 Cal. App. 3d 137, 163, 98 Cal. Rptr. 735.) "The statute was designed to establish mutuality of remedy when a contractual provision makes recovery of attorney fees available to only one party, and to prevent the *oppressive use of one-sided attorney fee provisions*." (*Trope v. Katz* (1995) 11 Cal. 4th 274, 285, 45 Cal. Rptr. 2d 241, 902 P.2d 259, italics added.) In other words, the statute was enacted to prevent the application of substantively unconscionable attorney fee provisions. According to the car wash companies, the attorney fees provision is not unconscionable because it is oppressively one-sided and unenforceable as written. To quote our colleagues in *Samaniego*, "[t]o state the premise is to refute [their] logic." (*Samaniego*, 205 Cal. App. 4th at p. 1147, 140 Cal. Rptr. 3d 492.)

The existence of the fee provision may well have a chilling effect on employees seeking to vindicate their rights. The conscionability of the provision is to be judged at the time the agreement is made. *Loewen v. Lyft, Inc.*, 129 F. Supp. 3d 945, 960 (N.D. Cal. 2015). The unconscionability of the fee provision is exacerbated by the fact that although the fee shifting agreement  (even if made mutual by § 1717) applies only to claims to "enforce, defend, and/or prosecute" the Agreement – *i.e.*, a breach of contract claim – its enforcement could well interfere with the Labor Code which limits employee's exposure to fee liability. There may be instances in which the fees associated with defending a labor code violation may be intertwined with costs associated with the breach of contract claim. Awarding fees incurred for such intertwining fees under the prevailing party provision of the agreement would conflict with the protection of employees from liability for fees afforded by the Labor Code. *See Samaniego v. Empire Today, LLC*, 205 Cal. App. 4th 1138 (2012)).

The fee provision is unconscionable.

        c.      <u>Choice of Law</u>

Plaintiff challenges the choice of law provision in the arbitration agreement as, not only inapplicable in this matter, but also as unconscionable. The provision states that "[s]uch arbitration shall take place in Chicago, Illinois, the applicable law will be the laws of the State of Illinois without regard to the conflicts of law provisions therein and the decision of the arbitrator shall be final and binding on you and the Company." Plaintiff's Ex. 2.

Despite Defendant's failure to argue that Illinois law applies to this current dispute, the Court must evaluate whether the choice of law provision would be substantively unconscionable at the time it went into effect. As previously explained, "unconscionability is evaluated at the time the contract went into effect and not how it may be applied in the future." *Loewen*, 129 F. Supp. 3d at 960. Plaintiff argues that the choice of law provision applicable here would prevent her from bringing certain California state law claims that do not have an Illinois law counterpart. For this reason, she contends that the choice of law provision requires her waive certain "unwaivable" claims.

In *Pinela v. Neiman Marcus Group, Inc.*, the California Court of Appeal found that it was

14

substantively unconscionable to have a Texas choice of law provision because under Texas law a plaintiff could not bring a private right of enforcement under Labor Code provisions at issue. *Pinela v. Neiman Marcus Group, Inc.*, 238 Cal. App. 4th 227, 251 (Ct. App. 2015). Under California law a plaintiff would have been able to bring those claims. *Id.* The choice of law provision barring that substantive right under California law was unconscionable. *Id.* In this case, because the choice of law provision would prevent employees from bringing non-waivable claims under California law, the choice of law provision has a high degree of substantive unconscionability.

### d. Requirement to Arbitrate in Illinois

Finally, Plaintiff challenges the requirement to arbitrate in Chicago, Illinois. "[T]he California Supreme Court has stated that California courts must enforce a forum selection clause unless the clause is unreasonable because 'the forum selected would be unavailable or unable to accomplish substantial justice'; inconvenience and expense of the forum alone is not sufficient." *Poublon*, 846 F.3d at 1264-65 (quoting *Tompkins*, 840 F.3d at 1027). A distant forum is not necessarily "unavailable or unable to accomplish substantial justice." *Id.* at 1265 (quoting *Tompkins*, 840 F.3d at 1027). "California appellate courts considering forum selection clauses in adhesion contracts have held that '[n]either inconvenience nor additional expense in litigating in the selected forum is part of the test of unreasonability.'" *Tompkins*, 840 F.3d at 1028 (quoting *Cal–State Bus. Prods. & Servs., Inc. v. Ricoh*, 12 Cal. App. 4th 1666 (Ct. App. 1993)). However, if the forum is "so gravely difficult and inconvenient that [the plaintiffs] will for all practical purposes be deprived of [their] day in court", it is unenforceable. *Id.* at 1029 (quoting *Aral v. Earthlink, Inc.*, 134 Cal. App. 4th 544, 561 (Ct. App. 2005)) (alteration in original). Here, Plaintiff provided a declaration describing the difficulty she would face in arbitrating this claim in Chicago. Pereyra ¶ 21. She faces a risk of being fired if she took time off to litigate these claims. *Id.* She cannot afford the flights to Chicago. *Id.* Finally, the amount of money it would cost her to litigate this cause of action in Chicago exceeds the amount she could recover if successful. *Id.* All of these factors lead the Court to find that Chicago, Illinois is more than merely inconvenient but actually unavailable and incapable of accomplishing substantial justice.

15

1     For these reasons, Plaintiff has shown that the choice of forum provision is substantively

2 unconscionable.

3       e.    <u>Conclusion</u>

4     Plaintiff has established a high degree of substantive unconscionability as it relates to the

5 choice of law provision, the lack of mutuality pertaining to exceptions from arbitration, the fee

6 provision, and the choice of forum provision. Because there is some procedural unconscionability,

7 these provisions are unenforceable.

8 D.    <u>Severability</u>

9     The agreement at issue here has a severability clause. The clause reads:

> To the extent a court of competent jurisdiction determines any provision is not enforceable, the parties agree that the court may modify the provision to the minimum extent necessary to make the provision enforceable. Further, any such invalid provision shall not invalidate the remaining provisions, which shall remain in full force and effect.

Plaintiff's Ex. 2. Severability "clauses evidence the parties' intent that, to the extent possible, the valid provisions of the contracts be given effect, even if some provision is found to be invalid or unlawful." *Baeza v. Superior Court*, 201 Cal. App. 4th 1214 (Ct. App. 2011). "The presence of a severability clause makes severance more feasible." *Smith v. Vmware, Inc.*, 2016 WL 54120, at *6 (N.D. Cal. Jan. 5, 2016); *Grabowski v. C.H. Robinson Co.*, 817 F. Supp. 2d 1159, 1179 (S.D. Cal. 2011) (severing unconscionable provisions in part because the agreement had a severability clause).

"[A] court should sever an unconscionable provision unless the agreement is so 'permeated' by unconscionability that it cannot be cured by severance." *Serafin*, LLC, 235 Cal. App. 4th at 183-84. The California Supreme Court has recognized that multiple unconscionable provisions "indicate a systematic effort to impose arbitration on an employee." *Armendariz*, 24 Cal. 4th at 124. However, "the Court did not hold that any time there is more than one unconscionable provision, severance is not possible." *Burgoon v. Narconon of N. California*, 125 F. Supp. 3d 974, 990 (N.D. Cal. 2015) (discussing *Armendariz*). *See, e.g., Bermudez*, 2012 WL 12893080, at *14 (severing four provisions including a bilateral shifting of attorneys' fees and a

16

unilateral exclusion from arbitration for a defendant's claims); *Colvin*, 2015 WL 6735292, at *9 (severing multiple unconscionable provisions). A court may refuse to sever illegal provisions where the "central purpose of the contract is tainted with illegality" or if "there is no single provision a court can strike or restrict in order to remove the unconscionable taint from the agreement." *Poublon*, 846 F.3d at 1273 (quoting *Ontiveros*, 164 Cal. App. 4th at 515). "[T]he dispositive question is whether 'the central purpose of the contract' is so tainted with illegality that there is no lawful object of the contract to enforce." *Id.* (quoting *Marathon Entm't, Inc. v. Blasi*, 42 Cal. 4th 974, 996 (2008)).

In contrast, "[w]here parts of an arbitration provision are unconscionable, the arbitration provision can be saved when the unconscionable portion 'represent[s] only a part of [the] agreement and can be severed without disturbing the primary intent of the parties to arbitrate their disputes.'" *Openshaw v. FedEx Ground Package Sys.*, Inc., 731 F. Supp. 2d 987, 998 (C.D. Cal. 2010) (quoting *Spinetti v. Serv. Corp. Int'l*, 324 F. 3d 212, 215 (3d Cir. 2003)) (alterations in original). Severance is appropriate where "the illegality is collateral to the main purpose of the contract, and the illegal provision can be extirpated from the contract by means of severance or restriction." *Armendariz*, 24 Cal. 4th at 124.

In this case, the four provisions tainted with unconscionability, while presenting a close question, do not "permeate[ ] the arbitration agreements to such an extent that the purpose of the agreements—i.e., to arbitrate rather than litigate—was transformed—i.e., to impose arbitration 'not simply as an alternative to litigation, but as an inferior forum.'" *Burgoon*, 125 F. Supp. 3d at 990 (quoting *Armendariz*, 24 Cal.4th at 124). *See Poublon*, 846 F.3d at 1273 ("Poublon argues that an agreement is necessarily permeated by unconscionability if more than one clause in the agreement is unconscionable or illegal. We disagree; California courts have not adopted such a per se rule."); *Grabowski*, 817 F. Supp. 2d at 1179 (severing "three substantively unconscionable provisions (the 'carve out' provision stating that the Dispute Resolution Agreement does not apply to 'any claims by the Company that includes a request for injunctive or equitable relief'; the confidentiality provision; and the attorney's fees provision)" because of federal policy favoring arbitration); *Pope v. Sonatype, Inc.*, 2015 WL 2174033, at *7 (N.D. Cal. May 8, 2015) (also

severing three unconscionable provisions—"(1) [the] trade secret misappropriation injunctive relief carve-out, (2) the requirement that arbitration take place in Washington, D.C., and (3) the requirement that Pope pay attorney's fees unless he is a prevailing party"). And in view of the severability clause, the unconscionable carve-outs can be severed "without disturbing the primary intent of the parties to arbitrate their dispute." *Openshaw*, 731 F. Supp. 2d at 998. The objectionable provisions may be severed or construed without re-writing the agreement.

Plaintiff also argues that courts can never sever non-mutual provisions of an arbitration agreement. The Ninth Circuit has ruled otherwise. *See Poublon*, 846 F.3d at 1273 ("In this case, severance is appropriate. Per C.H. Robinson's concession, there is one unconscionable clause in the dispute resolution provision, the portion of the dispute resolution provision that permits C.H. Robinson, but not Poublon, to seek judicial resolution of specified claims. This provision can be extirpated without affecting the remainder of the paragraph and is 'collateral to the main purpose of the contract,' which is to require arbitration of disputes." (*quoting Marathon Entm't, Inc. v. Blasi*, 42 Cal. 4th at 996, *as modified* (Mar. 12, 2008)).[1]

## IV. CONCLUSION

For the reasons stated herein, the Court **GRANTS** Defendant's motion to compel arbitration. The unenforceable provisions are severed from the agreement as provided herein.

This order disposes of Docket No. 14.

**IT IS SO ORDERED**.

Dated: June 28, 2019

_____
EDWARD M. CHEN
United States District Judge

---

[1] The Court notes that severance, while an adequate remedy for the party challenging arbitration, may not be effective for other and future employees if the arbitration agreement is not reformed and such employees are not aware of the decision herein. The chilling effect of an unreformed arbitration clause may persist. The Court urges defendant Guaranteed Rate to revise its arbitration agreement in the interest of fairness and to avoid future litigation wherein an opposing party might claim that Guaranteed Rate's refusal to revise the agreement shows bad faith and an overarching intent to impose arbitration as an inferior forum, rendering future severance unavailable.