**EXHIBIT C**

ResolvEmployment Law/Law Offices of        Guaranteed Rate, Inc.
Noah Levin
Attn: Castillo, Claudia
1592 Union St.
Ste 1650
San Francisco, CA    94123____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| Travalini | No. RG20082849 |
|---|---|
| Plaintiff/Petitioner(s) | Order |
| VS. | Motion to Compel (Motion) |
| Guaranteed Rate, Inc. | Granted |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

The Motion to Compel (Motion) filed for Guaranteed Rate, Inc. was set for hearing on 06/01/2021 at 02:30 PM in Department 22 before the Honorable Jeffrey Brand. The Tentative Ruling was published and was contested.

The matter was argued and submitted, and good cause appearing therefore,

IT IS HEREBY ORDERED THAT:

The Motion of Defendant Guaranteed Rate to compel arbitration is GRANTED.

Plaintiff asserts claims arising out of the termination if his employment.

Defendant Guaranteed Rate argues that Plaintiff agreed to an arbitration agreement. The agreement was in the "Compensation Plan And Agreement." (Anthanasiou Dec, Exh A at pp11-13.)

PROCEDURAL UNCONSCIONABILITY

The arbitration agreement is not procedurally unconscionable.

Defendant presented the Compensation Plan And Agreement and plaintiff had time to review it before deciding whether to sign it. The arbitration provision is presented in the same manner as the other provisions in the Agreement. Plaintiff initialed each page of the agreement. Plaintiff had the opportunity to "out-out" of arbitration and did not exercise that choice.

The agreement is a take it or leave it agreement. This is an indication that it is procedurally unconscionable. (See, e.g., Baxter v. Genworth North America Corp. (2017) 16 Cal.App.5th 713, 723-724 [arbitration agreement held procedurally unconscionable where employer presented arbitration agreement on a take-it-or-leave-it basis and agreement was required as a condition of continued employment]; Fitz v. NCR Corp. (2004) 118 Cal.App.4th 702, 722 [same].)

The court finds only the indication of procedural unconscionability in a take it or leave it agreement. And as to that provision, Defendant argues that this was not the type of "take it or leave it" agreement that fosters unconscionability. In fact, plaintiff's was position a "six-figure position" and plaintiff had the agreement in hard in advance to review and consider prior to signing. The Court finds that this provision does not make the agreement unconscionable.

SUBSTANTIVE UNCONSCIONABILITY

The arbitration agreement is not substantively unconscionable.

The Agreement incorporates the JAMS employment arbitration rules and procedures for employment disputes by reference. This is permissible. (Baltazar v. Forever 21, Inc. (2016) 62 Cal.4th 1237, 1246; Lange v. Monster Energy Company (2020) 46 Cal.App.5th 436, 446-447.)

Section VII on arbitration is not confusing when read in light of Section VIII on venue. The arbitration provision requires arbitration and the venue provision sets venue if litigation is required.

CONCLUSION

The Motion of Defendant Guaranteed Rate to compel arbitration is GRANTED. The court STAYS this case pending completion of the arbitration. The court retains jurisdiction for any matters related to the arbitration. (CCP 1292.6.)

Dated: 06/04/2021

*Jeffrey S Brand* (facsimile)
Judge Jeffrey Brand