UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PETERS,<br><br>        Plaintiff,<br><br>    v.<br><br>GUARANTEED RATE, INC., et al.,<br><br>        Defendants. | Case No. 23-cv-05602-VC<br><br>**ORDER DENYING MOTION TO COMPEL ARBITRATION**<br><br>Re: Dkt. No. 54 |

       Guaranteed Rate's motion to compel individual arbitration is denied. This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the applicable law.

       While there is no dispute that courts must enforce valid arbitration agreements according to their terms, if a court determines an agreement to arbitrate was unconscionable at the time it was made, it may refuse to enforce the agreement. *See AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 340 (2011). For an arbitration agreement to be invalid, there must be both procedural and substantive unconscionability. *See Armendariz v. Found. Health Psychcare Services, Inc.*, 24 Cal. 4th 83, 114 (2000).

       Here, there was some measure of procedural unconscionability. First, it was a contract of adhesion whereby Peters had little ability to negotiate. *See, e.g.*, *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 923 (9th Cir. 2013). Second, there was an element of surprise as the arbitration clause was at the end of a document titled "Compensation Terms," which the company sent to Peters as an attachment to an "offer letter." Third, Peters was instructed to sign the Compensation Terms document within two business days, which allowed little time for him to consider the terms. *See Ali v. Daylight Transport, LLC*, 59 Cal. App. 5th 462, 474-75 (2020).

The agreement is riddled with substantively unconscionable provisions. Start with the choice of law and venue provisions. The arbitration clause says that "arbitration shall take place in Chicago, Illinois" and "the applicable law will be the laws of the State of Illinois without regard to the conflicts of law provisions therein." Under California law, both provisions are invalid. *See* Cal. Labor Code § 925. And the exact same choice of law provision was previously deemed unconscionable by another court in this district. *See Chun Ping Turng v. Guaranteed Rate, Inc.*, 371 F.Supp.3d 610, 631 (N.D. Cal. 2019).

Moreover, in a section separate from the arbitration clause itself, the agreement says, "The Company may recover from you its attorneys' fees and costs relating to any action to enforce, defend and/or prosecute this Agreement." This one-way attorneys' fees provision is clearly invalid under California law. *See* Cal. Civ. Code § 1717. And, again, the identical attorneys' fees provision was previously held unconscionable by a court in this district. *See Pereyra v. Guaranteed Rate, Inc.*, No. 18-CV-06669-EMC, 2019 WL 2716519 (N.D. Cal., June 28, 2019).

Guaranteed Rate contends that it is not "attempting to enforce the choice of law clause" and that it does not oppose severing both the choice of law and choice of venue clauses. As for the attorneys' fee provision, Guaranteed Rate argues that it does not apply to the claims at issue here because they are not claims "to enforce, defend and/or prosecute" the employment agreement, or put differently, the claims are not being brought under the contract, they are claims brought under the labor laws. But Guaranteed Rate cannot avoid the legal consequences of these blatantly illegal provisions by simply agreeing in litigation not to enforce them. What matters is whether the provisions, when read together, were unconscionable at the time the agreement was made. *See* Cal. Civ. Code § 1670.5(a). When the arbitration clause—containing the choice of venue and choice of law clauses—is read in conjunction with the attorneys' fees clause, the agreement creates a significant chilling affect for employees seeking to exercise their rights. As a result, severing these terms and enforcing the remainder of the contract is not the proper remedy. *See Armendariz v. Foundation Health Psychcare Services*, Inc., 24 Cal. 4th 83, 124 (2000); *see*

2

*also Lim v. TForce Logistics, LLC,* 8 F.4th 992, 1006 (9th Cir. 2021); *Hale v. Brinker International, Inc.*, No. 21-CV-09978-VC, 2022 WL 2187397 (N.D. Cal. June 17, 2022).

This is especially true given that Guaranteed Rate was already urged to "revise its arbitration agreement in the interest of fairness" in 2019, more than a year before Peters's employment with the company ended. *Pereyra*, 2019 WL 2716519, at *11 fn.1. Although the Court would have invalidated the arbitration agreement even if Guaranteed Rate had not previously been called out on the impropriety of these provisions, the fact that the company kept the agreement in place for so long after the provisions were invalidated makes its current argument for severance even harder to swallow.

**IT IS SO ORDERED.**

Dated: June 10, 2024

_____
VINCE CHHABRIA
United States District Judge