UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PETERS,<br><br>       Plaintiff,<br><br>    v.<br><br>GUARANTEED RATE, INC., et al.,<br><br>       Defendants. | Case No. 23-cv-05602-VC<br><br>**ORDER GRANTING IN PART MOTION FOR CONDITIONAL CERTIFICATION**<br><br>Re: Dkt. No. 61 |

      The motion for conditional certification on behalf of the opt-in plaintiffs is granted in part. This order assumes the reader's familiarity with the facts of the case, the legal standard, and the applicable law.

      Guaranteed Rate contends that this Court cannot rule on this motion because *Coinbase, Inc. v. Bielski* requires the imposition of a stay following Guaranteed Rate's appeal of the order denying the motion to compel arbitration. 599 U.S. 736 (2023). But *Coinbase* was decided in the context of a class action, not an FLSA collective action, and the difference is critical. Unlike in a class action, where the named plaintiffs are representatives for the entire class, under the FLSA, "every plaintiff who opts in to a collective action has party status." *Campbell v. City of L.A.*, 903 F.3d 1090, 1104-1105 (9th Cir. 2018). While the FLSA permits plaintiffs to assert their claims collectively, each member is in essence asserting their own claims.

      Here, Guaranteed Rate only moved to compel plaintiff Peters to arbitration, meaning the appeal of this Court's decision on that motion only applies to Peters and a stay is only required as to Peters. A reversal on appeal would not compel the 35 other opt-in plaintiffs to arbitration, so they are not subject to any mandatory stay. Guaranteed Rate was free to move to compel to

arbitration any additional opt-in plaintiffs who may have signed arbitration agreements, and it will continue to have the right to do so. But, not having done so, it can't use its appeal of the denial of its motion to compel Peters to arbitration to prevent the other plaintiffs from advancing their cases, including by moving for conditional certification.

Guaranteed Rate also argues that even if conditional certification is proper, notice cannot be sent to potential members outside California because there is no personal jurisdiction over out-of-state plaintiffs. This argument is based on *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 582 U.S. 255 (2017). Because the Ninth Circuit is poised to resolve this issue in a pending case, the conditional certification and notice in this case will only apply to California opt-ins. Depending on the Ninth Circuit's decision, the plaintiffs may renew their motion for nationwide conditional certification.

The plaintiffs should submit a revised proposed notice that makes clear to potential members that they could be compelled to arbitration after choosing to opt-in. The revised notice is due within 7 days.

**IT IS SO ORDERED.**

Dated: August 19, 2024

_____
VINCE CHHABRIA
United States District Judge