Joshua S. Boyette, Esq. (CA Bar No. 343330)
jboyette@swartz-legal.com
Justin L. Swidler, Esq. (*Pro Hac Vice*)
jswidler@swartz-legal.com
Matthew D. Miller, Esq. (*Pro Hac Vice*)
mmiller@swartz-legal.com
**SWARTZ SWIDLER LLC**
9 Tanner Street, Suite 101
Haddonfield, NJ 08033
Telephone: 856-685-7420
Facsimile: 856-685-7417

Robert D. Soloff, Esq. (*Pro Hac Vice*)
robert@solofflaw.com
**ROBERT D. SOLOFF, P.A.**
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 472-0002
Facsimile: (954) 472-0052

Marc A. Silverman, Esq. (*Pro Hac Vice*)
msilverman@fwblaw.net
**FRANK, WEINBERG & BLACK, P.L.**
7805 SW 6th Court
Plantation, FL 33324
Telephone: (954) 474-8000
Facsimile: (954) 474-9850
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PETERS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>GUARANTEED RATE, INC., *et al.*,<br><br>Defendants. | Case No: 3:23-cv-05602-VC<br><br>**PLAINTIFF'S MOTION FOR JUDICIAL NOTICE OF PRE-ARBITRATION BRIEF IN GUARANTTED RATE V DAVID BREAUX IN CONJUNCTION WITH DEFENDANT'S MOTION TO COMPEL ARBITRATION UNDER VERSION 3**<br><br>Complaint Filed: October 31, 2023<br>Trial Date: None Set<br><br>Judge: Vince Chhabria |

**PLAINTIFFS' MOTION FOR JUDICIAL NOTICE**

**TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Plaintiffs respectfully move this Court to take judicial notice of Guaranteed Rate, Inc.'s Pre-Hearing Brief filed on October 14, 2025, in *Guaranteed Rate, Inc. v. David Breaux*, JAMS Case No. 5220008190, pursuant to Federal Rule of Evidence 201 (the "Pre-Hearing Brief").

**A. INTRODUCTION**

Defendant has represented to this Court that it "does not and cannot seek fees under this provision for wage and hour claims." ECF 161 at 6. Yet on October 14, 2025—several months after filing that representation—Defendant filed a pre-hearing arbitration brief against David Breaux, one of the opt-in plaintiffs subject to Defendant's pending motion to compel, expressly seeking attorney's fees, costs, and arbitration costs pursuant to the attorney's fees and costs provision found in Version 3 of the Arbitration Agreement, for defending against the identical wage and hour claims at issue here.

This direct contradiction is dispositive of Defendant's credibility and central to the unconscionability analysis before this Court.

**B. ILEGAL STANDARD**

Federal Rule of Evidence 201 permits courts to take judicial notice of facts "not subject to reasonable dispute" that can be "accurately and readily determined from sources whose accuracy cannot reasonably be questioned."

**C. ARGUMENT**

**1. The Brief Is Directly Relevant to the Unconscionability Analysis**

The Breaux Pre-Hearing Brief involves the same defendant, the same contractual provisions, and the same legal claims at issue in Defendant's motion to compel. Breaux is specifically identified as subject to Version 3 of the arbitration agreement. ECF 151-9.

Defendant's brief characterizes Breaux's misclassification and overtime claims as breaches of the employment agreement itself:

"Respondent's job duties as a loan officer and GRI's expectations for Respondent's performance were set forth in the **employment agreements** he signed with GRI. ... **Respondent and GRI separately memorialized Respondent's designation as an exempt Outside Sales Employee when the parties executed the Compensation Plan.**" Pre-Hearing Brief at 3–4 (emphasis added).

"The Compensation Plan detailed the nature of Respondent's role with GRI, **including the classification of Respondent as an Outside Sales Employee.** ... **The evidence will show that Respondent was properly classified under both state and federal law as an outside salesperson based on both the plain language of his employment contracts** and Respondent's execution of that role." *Id.* at 4 (emphasis added).

By framing the misclassification claims as disputes over the contractual terms defining Breaux's exempt status, Defendant invokes Section IX of the Compensation Plan, which permits recovery of fees for "any action to **enforce, defend and/or prosecute this Agreement**." Defendant states unequivocally:

"**GRI is entitled to recover its attorneys' fees and costs incurred in this case under the terms of the Compensation Plan** and Retention Bonus Addendum. Under the Compensation Plan, Respondent agreed that GRI 'may recover from you its attorneys' fees and costs relating to **any action to enforce, defend and/or prosecute this Agreement**.'" *Id.* at 28 (emphasis added).

Critically, Defendant seeks not merely contractual attorneys' fees and costs, but "**arbitration costs**"—expenses unique to the arbitration forum that would not be recoverable in court. *Id.* at 6. This demonstrates that the fee provision operates exactly as written: as a one-sided penalty against employees pursuing statutory wage claims through arbitration.

**2. The Contradiction Establishes Unconscionability**

Defendant's conduct proves that Defendant interprets the fee provision operates precisely as drafted: unilaterally in favor of the employer, in a manner which directly threatens the ability of employees to bring suits challenging Defendant’s unlawful conduct. Defendant's representations to this Court are fully contradicted by its contemporaneous conduct. The provision remains enforceable according to its

plain terms, which Defendant interprets to encompass defense of wage and hour claims arising from the agreement's classification terms.

**D. <u>CONCLUSION</u>**

The Court should take judicial notice of Defendant's Pre-Hearing Brief. That brief provides contemporaneous evidence contradicting Defendant's representations regarding the fee provision's application. When evaluating unconscionability, courts must consider how an agreement operates in reality, not merely the employer's litigation-driven assurances. Here, reality diverges sharply from representation. The Court should consider this evidence in assessing whether the motion to compel arbitration should be granted.

Respectfully submitted,

**SWARTZ SWIDLER, LLC**

By: *<u>/s Justin L. Swidler</u>*
Justin L. Swidler, Esq., admitted pro hac vice
Joshua S. Boyette, Esq.

Dated: October 27, 2025