Spencer C. Skeen CA Bar No. 182216
spencer.skeen@ogletree.com
Tim L. Johnson CA Bar No. 265794
tim.johnson@ogletree.com
Andrew J. Deddeh CA Bar No. 272638
andrew.deddeh@ogletree.com
Brett R. Tengberg CA Bar No. 318436
brett.tengberg@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
4660 La Jolla Village Drive, Suite 900
San Diego, CA 92122
Telephone: 858-652-3100
Facsimile: 858-652-3101

Attorneys for Defendants GUARANTEED RATE, INC.; VICTOR CIARDELLI and NIKOLAOS ATHANASIOU

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT PETERS, individually and on behalf of all those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GUARANTEED RATE, INC,<br><br>Defendant,<br><br>And<br><br>VICTOR CIARDELLI<br><br>Defendant,<br><br>And<br><br>NIKOLAOS ATHANASIOU<br><br>Defendant. | Case No. 3:23-cv-05602-VC<br><br>**OPPOSITION TO PLAINTIFFS' MOTION FOR JUDICIAL NOTICE OF PRE-ARBITRATION BRIEF IN GUARANTEED RATE V. DAVID BREAUX IN CONJUNCTION WITH DEFENDANT'S MOTION TO COMPEL ARBITRATION UNDER VERSION 3**<br><br>Complaint Filed: October 31, 2023<br>Trial Date: None Set<br><br>District Judge: Vince Chhabria |

## I. INTRODUCTION

Defendants object to Plaintiffs' Motion for Judicial Notice of Pre-Arbitration Brief (ECF 184) because Plaintiffs fail to demonstrate that the document they seek judicial notice of is relevant to the merits of their Opposition to Defendants' Motion to Compel Arbitration Under Version 3.

No foundational basis demonstrates any dispute regarding arbitration. Not a single opt-in has submitted a declaration refuting any aspect of Defendants' Motion to Compel Arbitration Under Version 3. Their continued silence in the face of compelling arbitration constitutes implied consent through acquiescence, including from David Breaux.

The foundational inquiry before the Court is whether any opt-ins object to arbitration. The unequivocal answer is ***no***; no dispute exists. Again, not a single opt-in subject to Version 3 has submitted any declaration or evidence indicating an objection to arbitration. Moreover, their failure to submit declarations also means they have failed to refute any arguments in the Motion, including Defendants' position that there is no procedural unconscionability. Consequently, without any evidence of a dispute, this Court must compel arbitration pursuant to 9 U.S.C. § 4.

## II. DEFENDANTS' OBJECTIONS TO THE REQUEST FOR JUDICIAL NOTICE SHOULD BE SUSTAINED, AND THE REQUEST FOR JUDICIAL NOTICE SHOULD BE DENIED.

In connection with their Opposition, Plaintiffs filed a Request for Judicial Notice (Dkt. No. 184) ("RJN"). The RJN seeks to have this Court take judicial notice of Exhibit 1 to the RJN, purportedly a printout of a Pre-Hearing Brief submitted by Guaranteed Rate Inc. in a separate pending JAMS Arbitration matter titled *Guaranteed Rate, Inc. v. David Breaux*, JAMS Case No. 5220008190.

Notably absent from the evidence before this Court is a declaration from David Breaux objecting to the jurisdiction of JAMS. This absence is significant, especially since **he is currently engaged in JAMS arbitration alleging wage and hour claims against GRI**.

### A. The Document Is Neither Authenticated nor Relevant

Under Federal Rule of Evidence 201, the Court ***may*** take judicial notice of a fact only if it is: "not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources

whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

In addition to satisfying the requirements of Fed. R. Evid. 201, a party requesting judicial notice must demonstrate that the information is admissible. For example, a court should not take judicial notice of a fact that is not relevant. *Bryant v. Mickelsen*, 551 F.App'x 348, 349 (9th Cir. 2014) ("The district court did not abuse its discretion by denying [the] request for judicial notice . . . because [the requester] failed to show that the [document] contained facts that were relevant . . . ."); *Calop Bus. Sys., Inc. v. City of L.A.*, 984 F.Supp.2d 981, 993 (C.D. Cal. 2013) ("Because the court does not find the [document] relevant to its analysis, however, it declines to take judicial notice of that document"); *Plevy v. Haggerty*, 38 F.Supp.2d 816, 821 (C.D. Cal. 1998) ("Although [the documents] may be proper subject matter for judicial notice, the Court does not believe that these exhibits are relevant to Defendants' motion to dismiss. Thus, the Court will not consider these exhibits in ruling on Defendants' motion"); *Ninh Dinh Pham v. Starkey*, No. CV 16-05959 ODW (RAO), 2018 U.S. Dist. LEXIS 76002, at *21 (C.D. Cal. Apr. 13, 2018) (declining judicial notice of documents not relevant to the proceedings).

Similarly, a court should not take judicial notice of information that is not properly authenticated. *Aaron & Andrew, Inc. v. Sears Holdings Mgmt. Corp.*, No. CV 14-1196 SS, 2018 U.S. Dist. LEXIS 49716, at *15 (C.D. Cal. Mar. 26, 2018), citing *Toxgon Corp. v. BNFL, Inc.,* 2003 U.S. Dist. LEXIS 27885, at *4 (E.D. Wash. July 7, 2003).

Here, Plaintiffs have failed to authenticate the printout of the alleged pre-arbitration brief in any way. Mr. Swidler does not represent Mr. David Breaux in the JAMS arbitration and therefore has no personal knowledge of the action. The entire document is hearsay and inadmissible as presented to the court. Further, the information Plaintiffs request this Court to judicially notice is not relevant to the outcome of Defendants' Motion to Compel Arbitration of Version 3. The printout simply shows an alleged pre-arbitration brief has been filed in connection with the JAMS arbitration between GRI and Plaintiffs David Breaux. But since the Court can only take judicial notice of the *existence* of the *JAMS arbitration* – not the truth of the document's contents – the *existence* of the arbitration is irrelevant in concluding whether the claims of various opt-ins subject to Version 3

should be compelled to arbitration.

## III. EXISTENCE OF THE JAMS ARBITRATION PROVES PLAINTIFF DAVID BREAUX CONSENTS TO ARBITRATION

Should the Court deem the Pre-Arbitration Brief relevant and take judicial notice of it, then the Court must also acknowledge that opt-in David Breaux does not dispute arbitration and has consented to the jurisdiction of JAMS. Pursuant to 9 U.S.C § 4, the court must compel arbitration since the existence of the arbitration agreement is not genuinely disputed by David Breaux.

## IV. COUNSEL IMPROPERLY USES THEIR REQUEST FOR JUDICIAL NOTICE TO EXTEND THE LENGTH OF THE OPPOSITION TO THE MOTION TO COMPEL ARBITRATION VERSION 3.

Plaintiffs' Motion for Judicial Notice is less about demonstrating the document's propriety for judicial notice and more about extending arguments filed in their opposition. It is submitted for an improper use.

### A. Submitting Arguments or Opinions

A request for judicial notice is not the proper avenue to present arguments or submit opinions. This Court should not take judicial notice of the arguments or comments of counsel in other proceedings. Additionally, the Court should not take notice of Plaintiffs' counsel's legal arguments concerning the documents as it pertains to any pending motion.

### B. Using It to Create New Evidence

A request for judicial notice is not a substitute for presenting evidence through formal means, such as witness testimony or other documents. If a party is trying to use it to present evidence that would otherwise require an evidentiary hearing, it is being used improperly.

### C. Relying on Irrelevant Matters

A request for judicial notice cannot be used to introduce facts that are not relevant to the case at hand. The issue here is whether an agreement to arbitrate exists. There is no evidence disputing its existence. Additionally, there is no evidence any opt-in compelled under Version 3 is disputing arbitration.

/ / /

**D. Introducing Disputed Facts**

It is an improper use to request judicial notice of a fact that is not generally known or is disputed. For example, courts will not take judicial notice of the truth of hearsay statements within a document, as that would be an attempt to introduce evidence without a formal presentation and opportunity for rebuttal.

**V. CONCLUSION**

For the foregoing reasons, Plaintiffs' Request for Judicial Notice should be denied.

DATED: November 10, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Spencer C. Skeen*
Spencer C. Skeen
Tim L. Johnson
Andrew J. Deddeh
Brett R. Tengberg
Attorneys for Defendants GUARANTEED RATE, INC.; VICTOR CIARDELLI and NIKOLAOS ATHANASIOU