UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT PETERS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>GUARANTEED RATE, INC., et al.,<br><br>Defendants. | Case No.  23-cv-05602-VC<br><br>**ORDER DENYING MOTION FOR CLASS DISCOVERY; DENYING MOTION TO CERTIFY APPEAL AS FRIVOLOUS**<br><br>Re: Dkt. No. 209 |

Peters's motion for class discovery and, in the alternative, to certify as frivolous Guaranteed Rate's interlocutory appeal of the Court's ruling as to Version 1 of the arbitration agreement is denied. This order assumes that the reader is familiar with the facts, the applicable legal standards, and the arguments made by the parties.

**Motion for Class Discovery.** Peters seeks to conduct discovery related to the potential certification of a class that includes: (1) workers who signed versions of the arbitration agreement that the Court has ruled unenforceable, where that ruling is currently on interlocutory appeal; and (2) workers who signed versions of the arbitration agreement that the Court has ruled enforceable. Peters seems to assert that the Ninth Circuit's recent decision in *Avery v. TEKsystems, Inc.*, 165 F.4th 1219 (9th Cir. 2026), gives district courts carte blanche to order class discovery in any case involving an arbitration agreement that contains a class action waiver, even in the face of a stay pursuant to *Coinbase v. Bielski*, 599 U.S. 736 (2023), or even when the district court has rejected the plaintiff's argument that the arbitration agreement is invalid.

In *Avery*, the defendant induced proposed class members to sign an arbitration agreement five days after class certification briefing closed, and in doing so used misleading

communications that "threatened the fairness of the class action proceedings." *Id.* at 1222–25, 1231. The defendant filed a motion to compel arbitration after the class had been certified, and while notice was being sent out to class members. *See id.* at 1225–26. The Ninth Circuit upheld the district court's denial of the motion because the defendant's actions "upended FRCP 23(d)" by inducing class members to enter into the arbitration agreement through misleading communications, thus "turning the opt-out process into an opt-in process." *Id.* at 1233.

It's difficult to understand how *Avery* has any relevance to this case. As to the workers who signed the versions of the arbitration agreement that the Court has invalidated, the defendant has appealed that ruling, and *Avery* says nothing about the ability of district courts to lift the automatic stay pending appeal required by *Coinbase*. Even if it did, the facts here are totally different. This is a run-of-the-mill situation where a motion to compel arbitration was filed at the outset, that motion was denied, and the defendant timely filed an interlocutory appeal. *Coinbase* clearly requires a stay in these circumstances. *See* 599 U.S. at 738.

As to the workers who signed versions of the arbitration agreement that the Court upheld, the argument for lifting the stay is even more of an overreach. Peters seems to be arguing that *Avery* stands for the proposition that any arbitration agreement with a class action waiver can be invalidated by a district court pursuant to the court's Rule 23(d) authority, and that because the agreements at issue here contain class action waivers, this Court should allow discovery despite having upheld those agreements. That's a non-sequitur. If Peters really thinks that *Avery* stands for the proposition that arbitration agreements with class action waivers can be invalidated by district courts under Rule 23(d), he should have moved for reconsideration of the Court's ruling on the motions to compel arbitration on that basis rather than seeking discovery relating to workers who have been compelled to arbitration. But had he brought such a motion, the Court would have denied it because *Avery* says nothing to suggest that Rule 23(d) gives district courts the power to invalidate all arbitration agreement with class action waivers. *Avery* was based on the specific, peculiar conduct the employer there undertook to disrupt class certification proceedings.

**Motion to Certify Interlocutory Appeal as Frivolous.** There is a fair argument that Guaranteed Rate's appeal of the Court's denial of the motion to compel arbitration for workers who signed Version 1 of the agreement is frivolous. But as discussed at the hearing, given the complicated factual and procedural posture of this case, certifying the appeal as frivolous would not meaningfully advance the ball.

**IT IS SO ORDERED.**

Dated: June 22, 2026

VINCE CHHABRIA
United States District Judge

3